**RYAN, Co. Treas., et al. v. STATE ex rel. FULFS.**

No. 15445—Opinion Filed Aug. 12, 1924.

(Syllabus.)

**1. Statutes—Constitutionality—Province of Courts.**

Courts are not justified in disturbing legislation on constitutional grounds, except where the infraction is clear, palpable, and plainly inconsistent.

**2. Taxation—Act Relating to Tax Refunds —Validity.**

The act in question in this suit is examined, and held not to be violative of the provisions of the Constitution as contended by the defendants.

Error from District Court, Oklahoma County; T. G. Chambers, Judge.

Mandamus by the State on the relation of J. U. Fulfs, against M. S. Ryan, County Treasurer, and another. Judgment for plaintiff, and defendants bring error. Affirmed.

J. K. Wright, John Howard Payne, and John Roaten, for plaintiffs in error.

M. E. Durham, for defendants in error.

BRANSON, J. This action was instituted on the 24th day of May, 1924, in the name of the state against M. S. Ryan, as county treasurer, and James H. Berry, as county assessor of Oklahoma county, for peremptory writ of mandamus, compelling them to comply with the provisions of Senate Bill No. 89 of the Second Extraordinary Session of the Ninth Legislature, by correcting the tax rolls, in so far as the same affected lot 11, block 24, in the town of Edmond, by striking from the tax rolls an excess levy shown thereon for the year 1923, of two mills, which had been adjudged by the dis-

trict court of Oklahoma county to be an illegal levy. The parties stipulated as follows:

"It is stipulated and agreed that the plaintiff is a resident and taxpayer of Edmond City, Okla., and that the defendant M. S. Ryan is the duly elected, qualified and acting county treasurer of Oklahoma county, Oklahoma, and that the defendant James H. Berry is the duly appointed, qualified and acting county assessor of Oklahoma county;

"It is further stipulated and agreed that a court of competent jurisdiction, to wit, the district court of Oklahoma county, Okla., has held the levy made for the benefit of the general fund for Edmond City for the fiscal year beginning July 1, 1923, and ending June 30, 1924, to be illegal to the extent of two mills thereof;

"It is further stipulated and agreed that the product of a levy held to be illegal has not been stricken from the tax rolls for Edmond City, for the aforesaid fiscal year, except in a few isolated instances where the defendants undertook to comply with said alternative writ of mandamus heretofore issued in this cause;

"It is further stipulated and agreed that if agreeable to this honorable court, that further compliance with the terms of the writ of mandamus may be held in abeyance until the final determination of this cause of action."

The peremptory writ was granted upon the stipulation, and this appeal is prosecuted by the defendants to reverse the same.

The defendants contend that the act of the Legislature upon which said suit is predicated is without legal force and effect, being violative of the Constitution of the state. It appears that the levy made for general purposes for the town of Edmond was 9.5 mills, and that no election was held by the qualified voters for the purpose of fixing the rate of exceeding 6 mills, and that this court held in the case of News Publishing Co. v. Ryan, 101 Okla. 151, 224 Pac. 969, that a levy in excess of 6 mills was a void levy. The plaintiff therefore contends that it is the duty of the defendants to strike from the tax rolls this illegal excess. The act of the Legislature drawn in question is as follows:

"An act providing for the correction of tax rolls in certain cases, for the refunding of certain taxes illegally levied and heretofore collected, and authorizing an emergency tax levy to be voted for general city purposes under the conditions therein named and providing for elections for such purposes for future fiscal years, and declaring an emergency.

"Be It Enacted by the People of the State of Oklahoma:

'Section 1. In any county in this state, where a court of competent jurisdiction has held that section 9692, Comp. Okla. Stat. 1921, has been violated by attempting to levy for general city purposes for the fiscal year 1923-24, a tax in excess of six mills upon each dollar of taxable property subject to ad valorem tax in such city for the said year 1923-24; such tax having been spread of record upon the tax rolls of each county, it is hereby made the duty of the county assessor and the county treasurer of such county to immediately cancel said excess to the extent that such attempted levy exceeds six mills for general city purposes, and to correct and reform the tax rolls of such county to conform thereto;

"Provided, that where any taxpayer has prior to the taking effect of this act, paid the 1923-24 tax for general city purposes in excess of six mills, such excess shall be refunded by the county treasurer to the taxpayer paying the same, out of any funds then in or thereafter coming into his hands belonging to the said city for such fiscal year and making the proper accounting and adjustment for same, and shall thereon take from said taxpayer an original and carbon copy of receipt therefor, and shall deliver and file with the city treasurer of said city such original receipt, and shall retain said carbon thereof; provided, further, that any taxpayer entitled to such refund shall make demand for same within six months from date of the passage and approval of this act.

"Section 2. In any city affected by section 1 of this act, the governing body of such city, may, by resolution, submit to the electors of such city, at an election to be conducted in the manner in which elections for the issuance of bonds by a city are conducted, a proposed tax levy upon all property of said city subject to ad valorem tax in such city as shown by the 1923-24 tax rolls, sufficient to properly maintain the government of said city during the remainder of the fiscal year 1923-24, and if a majority of the electors voting at an election to be held not less than ten days after the call therefor has been properly published, shall vote in favor of such proposed levy, then such proposed levy shall by the governing body of such city, be certified to the county treasurer of such county and by said treasurer extended upon the tax roll for the fiscal year ending June 30, 1924, against all property of said city subject to such taxes, and the county treasurer shall collect and distribute such taxes as other taxes for said city are collected and distributed, provided such proposed tax when added to the six mills heretofore lawfully levied for such purposes for the current year shall not exceed the amount authorized by the charter of such city, if any amount is authorized therein, or the Constitution of the state;

provided, further, that a special election may be called in the same manner and for the same purpose as stated above during the fiscal year hereafter, and an additional tax for said purpose and within the same limitations, may be authorized, levied and collected for the current expenses of such city for said fiscal year. The electors mentioned in this section shall have the same qualifications as are required for electors voting at general elections in the state of Oklahoma;

"Section 3. It being immediately necessary for the preservation of the public peace, health, and safety, an emergency is hereby declared to exist, by reason whereof this act shall take effect and be in full force from and after its passage and approval.

"Passed by the Senate this the 15th day of March, 1924.

"W. C. Lewis, Acting President of the Senate.

"Passed by the House of Representatives this the 15th day of March, 1924.

"D. A. Stovall, Acting Speaker of the House of Representatives.

"Approved by the Governor this the 17th day of March, 1924.

"M. E. Trapp, Governor of the State of Oklahoma."

We have read the authorities cited in support of the defendants' contention. However much this court might doubt the advantageous effect of the said act of the Legislature, we cannot change the will of the legislative branch of the government, as manifested by an enactment, except where it is clearly in violation of some constitutional provision. This act of the Legislature was passed after the decision of this court in the said case of the Oklahoma News Publishing Co. v. Ryan, in which it was held that cities could not levy a tax in excess of .6 mills for general fund, unless such excess was authorized by an election, as prescribed by section 9707, Comp. Stats. 1921, and that charter provisions authorizing an excess of this statutory limitation without the holding of such election did not supersede the state law.

We see no reason to do otherwise than to reaffirm the rule in said opinion made clear, and take no stock in the contention made that the levy in the instant case created a debt in favor of the municipality, and that the act was an attempt to relinquish such a debt in violation of section 57 of article 5 of the Constitution of the state, which provides:

"The Legislature shall have no power to release or extinguish or to authorize the releasing or extinguishing in whole or in part, the indebtedness or liability of obligations of any corporation or individuals of this state or any county or other municipal corporation thereof."

No debt can exist from a municipality, except that which has sanction in the law. A failure to recognize this in placing tax burdens on the people they are in many cases entirely unable to bear has brought about the confusion of which the defendants make complaint. A proper consideration by tax officers of the limitation provisions of the Constitution and statutes of the state will avoid all such alleged confusion, as well as stabilize property values. It seems to be the universal policy not only of the state, but of each municipality in the state, to have at public expense innumerable supposed necessaries for which the public is straitened financially to pay, until the patience of the public is taxed by such impositions, many of which it would gladly bear, if possible. Each recurring Legislature deems it the best public policy of the state to enact additional legislation, practically all of which requires more money to administer, instead of pursuing policy of repealing many satutes requiring large sums for their administration, which have no commensurate good to the general public.

The defendants further contend that this act of the Legislature violates sections 33 and 57, article 5, of the Constitution. We have carefully examined the act in the light of these sections, and cannot reach the conclusion that the act is clearly violative of either. No doubt the Legislature made the requirements incorporated in this statute for the purpose of forestalling the possibility of a continuing levy in excess of the legal rate, local officers feeling that a refund thereof would not be required.

For the reasons given, the judgment of the trial court is affirmed.

JOHNSON, C. J., and NICHOLSON, HARRISON, and GORDON, JJ., concur.