### MUNROE v. McNEILL.

No. 18130—Opinion Filed March 22, 1927.

Rehearing Denied April 19, 1927.

(Syllabus.)

**1. Statutes—Constitutionality Favored.**

It is only where the act of the Legislature is clearly, palpably, and plainly inconsistent with the terms and provisions of the Constitution that the courts will interfere and declare such act invalid and void.

**2. Judges — District Judges — Legislative Power to Provide Method of Election.**

Section 9, article 7, of the Constitution does not prohibit the Legislature from making reasonable provisions for the election of district judges by all the electors of the district from different counties of the same district.

**3. Statutes—General and Local Acts—Law Providing for Increase of Judges in Particular District Not a Local Act.**

An act of the Legislature providing for an increase of district judges in a particular district and prescribing their manner of nomination and election is a general law and not in conflict with the Constitution.

Original action in Supreme Court by Thomas I. Munroe against Edwin R. McNeill for writ of warranto. Writ denied.

Tomerlin & Chandler, for plaintiff.

N. E. McNeill, McCollum & McCollum, and Thurman S. Hurst, for defendant.

LESTER, J. This is an original action instituted in this court by the plaintiff in the nature of quo warranto to quiet title to the office of the district judge of the Twenty-First judicial district, said district being composed of Tulsa and Pawnee counties.

The facts in this case are undisputed. It is the manner provided by the Legislature for the election of judges in said district that is in constitutional dispute.

The statute under which the district judges of the Twenty-First judicial district are nominated and elected is to be found in section 3084, C. O. S. 1921, and reads as follows:

"The said Twenty-First judicial district as now constituted, is hereby divided into two nominating districts and Pawnee county shall constitute one of said nominating districts and Tulsa county shall constitute the other. In the primary election to be held in August, 1922, and each four years thereafter, the political parties or legal petitioners in said nominating district composed of Pawnee county shall each nominate one candidate for said office of district judge and each candidate for said office so nominated by and in said nominating district shall be a resident of said nominating district. In the same primary election and each four years thereafter, the political parties or legal petitioners in said nominating district composed of Tulsa county shall each nominate three candidates for said office of district judge and each candidate for said office so nominated by and in said nominating district shall be a resident of said nominating district. In the general election following, the candidates nominated in each nominating district shall be voted upon by the qualified electors of the entire judicial district; each elector shall be permitted to vote for only one candidate from the nominating district composed of Pawnee county and three candidates from the nominating district composed of Tulsa county, and the candidate from Pawnee county who shall receive the largest vote in the judicial district shall be declared elected and the three candidates from Tulsa county who shall receive the largest vote in the judicial district shall each be declared elected."

The provisions of the above-quoted statute were followed by the candidates of the two major political parties in the primary and general election held in 1926.

The defendant, Edwin R. McNeill, candidate for the office of district judge, was unopposed by any candidate from Pawnee county in the general election held on November 2, 1926.

The election officers, charged with the duty of preparing and furnishing ballots to

the voters of said district, submitted to said voters at the general election on November 2, 1926, ballots in the following form, as relating to the offices of district judges of said district:

| For District Judge District No. Twenty-one Four (4) Judges to be elected. (Vote for Three) | For District Judge District No. Twenty-one Four (4) Judges to be elected. (Vote for Three) |
|---|---|
| From Tulsa Co. | From Tulsa Co. |
| ( ) Luther James | ( ) W. L. Coffey |
| ( ) Thomas I. Munroe | ( ) A. E. Williams |
| ( ) Robert D. Hudson | ( ) John Ladner |

(Vote for one from Pawnee Co.)
( ) Edwin R. McNeill

It is admitted that the various candidates of the two major parties received the following number of votes in the two counties composing said district:

| District No. 21 | Pawnee | Tulsa | Totals |
|---|---|---|---|
| Luther James (D) | 1897 | 12078 | 13975 |
| Edwin R. McNeill (D) | 2565 | 9189 | 11754 |
| Robert D. Hudson (D) | 1726 | 11702 | 13428 |
| Thomas I. Munroe (D) | 1810 | 11326 | 13136 |
| W. L. Coffey (R) | 2164 | 10559 | 12723 |
| A. E. Williams (R) | 2066 | 10009 | 12075 |
| John Lardner (R) | 2269 | 11081 | 13350 |

The plaintiff, who resides in Tulsa county, on account of having received more votes in the general election than the defendant, who resides in Pawnee county, claims that he is thereby entitled to the office of district judge in preference to the defendant, who is now holding the same by virtue of an election certificate issued to him by the election board.

The issues thus formed under the admitted facts at once raise the constitutionality of the act of the Legislature in providing for the manner of nominating and electing district judges in said district.

In entering upon the discussion of this case we think that the clear and succinct statements made by Cooley in his admirable work on Constitutional Limitations are germane and proper:

"It must be evident to anyone that the power to declare a legislative enactment void is one which the judge, conscious of the fallibility of the human judgment, will shrink from exercising in any case where he can conscientiously and with due regard to duty and official oath decline the responsibility. The legislative and judicial are co-ordinate departments of the government, of equal dignity; each is alike supreme in the exercise of its proper functions, and cannot directly or indirectly, while acting within the limits of its authority, be subjected to the control or supervision of the other, without an unwarrantable assumption by that other of power which, by the Constitution, is not conferred upon it. The Constitution apportions the powers of government, but it does not make any one of the three departments subordinate to another, when exercising the trust committed to it. The courts may declare legislative enactments unconstitutional and void in some cases, but not because the judicial power is superior in degree or dignity to the legislative. Being required to declare what the law is in the cases which come before them, they must enforce the Constitution as the paramount law, whenever a legislative enactment comes in conflict with it. But the courts sit, not to review or revise the legislative action, but to enforce the legislative will; and it is only where they find that the Legislature has failed to keep within its constitutional limits that they are at liberty to disregard its action; and in doing so, they only do what every private citizen may do in respect to the mandates of the courts when the judges assume to act and to render judgments or decrees without jurisdiction.

"In exercising this high authority, the judges claim no judicial supremacy; they are only the administrators of the public will. If an act of the Legislature is held void, it is not because the judges have any control over the legislative power, but because the act is forbidden by the Constitution, and because the will of the people, which is therein declared, is paramount to that of their representatives expressed in any law."

It becomes the duty of this court to inquire as to whether or not the act of the Legislature in providing the manner of electing judges in said district is forbidden by the Constitution of this state; if so, it must then fail; if not, it should then receive judicial sanction.

Section 9, article 7, of the Constitution provides:

"Until otherwise provided by law, the state shall be divided into 21 judicial districts and the qualified electors in each of the said districts shall elect a judge of the district court as provided herein, except in the Thirteenth judicial district two judges shall be elected. Such judge shall be a citizen of the United States, and shall have been a resident of the territory embraced within the state for two years, and of the territory comprising his district at least one year, prior to his election; and he shall have been

a lawyer licensed by some court of record, or shall have been a judge of some court of record, or both such lawyer and judge, for four years next preceding his election and shall reside in his district during his term of office."

This provision of the Constitution left it permissible for the Legislature to provide by law for a change in the number of judicial districts. It provides that qualified electors should elect a judge in such district; that such judge should be citizen of the United States, a resident of the territory embraced within the state for two years and of the territory comprising his district for at least one year prior to his election, and for other qualifications not here necessary to discuss.

The framers of the Constitution in providing "until, otherwise provided by law to be divided into 21 judicial districts," realized that it would be a wise policy to leave it open to the legislative department of the state as to any future change in the number of judicial districts, for the Legislature by reason of changed conditions could better determine the necessary districts that would be required to properly care for the business of the courts.

The Legislature has from time to time created additional judicial districts and has added additional district judges to those already created.

The Legislature in its policy to further the efficiency of the district courts and as an accommodation to the people, whom they serve, provided in a number of judicial districts of the state for territorial distribution of judges in the same district. (It is not here contended that the territorial distribution of the judges in the Twenty-First judicial district is unreasonable.) This policy of the Legislature is here assailed as being unconstitutional and void. It is claimed and asserted by the petitioner that the provision of the Constitution that provides:

"The qualified electors in each of the said districts shall elect a judge of the district court as provided herein"

—is all controlling and that it denies and forbids the right of the Legislature to pass such an act as herein involved.

This court must now determine whether the above quotation, section 9, article 7 of the Constitution, is sufficient to destroy the legislative attempt to distribute territorially district judges in the same district, where such district contains more than one judge and more than one county.

The act of the Legislature here attacked has attempted to affix the location of one district judge in Pawnee county and three in Tulsa county. In the discussion of this issue, we deem it essential to examine our Constitution relating to the constitutional and statutory plan or system in presenting to the voters at the general election the names of candidates to be voted upon by the electors. This, in our judgment, is important, for the reason that the voter has no greater privilege than that extended to him by law; he cannot claim the denial of a privilege when the law withholds it; therefore, in this case, if Tulsa county, under the law, was not entitled to an election of more than three district judges from that county, then the voter would not be entitled to vote for four from that county.

The legislative plan or system of nominating candidates to be presented to the voters at the general election finds its sanction as a part of our Constitution, and its authorization by the Constitution is as deeply embedded therein as the right of suffrage itself. For in article 3 of the Constitution of the state of Oklahoma, relating to suffrage, section 5 thereof makes the following provision:

"The Legislature shall enact laws providing for a mandatory primary system, which shall provide for the nomination of all candidates in all elections for state, district, county, and municipal officers, for all political parties, including United States Senators: Provided, however, this provision shall not exclude the right of the people to place on the ballot by petition any nonpartisan candidate."

It is evident from the above-quoted section that the Legislature is given full authority to prescribe a regulatory primary system for the purpose of allowing the voters at such primary to name candidates of the political parties to be presented to the voters at the general election.

Section 6 of said article provides:

"In all elections by the people the vote shall be by ballot and the Legislature shall provide the kind of ticket or ballot to be used and make all such other regulations as may be necessary to detect and punish fraud, and preserve the purity of the ballot; and may, when necessary, provide by law for the registration of electors throughout the state or in any incorporated city or town thereof, and, when it is so provided, no person shall vote at any election unless he shall have registered according to law."

This section provides that in all elections by the people the vote shall be by ballot. The Legislature shall provide the kind of ballot and ticket to be used and make all such other regulations that may be necessary to

detect and punish fraud and preserve the purity of the ballot.

Section 3, article 7, of the Constitution of the state of Oklahoma in providing for the nomination and election of justices of the Supreme Court is as follows:

"The Supreme Court shall consist of five justices until the number shall be changed by law. The state shall be divided into five Supreme Court judicial districts until the Legislature shall change the number of members of the court, at which time the Legislature shall redistrict the state to conform to the number of Justices of the Supreme Court. From each of said districts, candidates for Justice of the Supreme Court shall be nominated by political parties, or by petitioners of the respective districts in the manner provided by law, and such candidates shall be voted for by the qualified voters of the state at large, and no elector at such election shall vote for more than one candidate from each district. The candidate from each district receiving the highest number of votes cast in the state at said election shall be declared the Justice-elect in said district."

It will be observed that the policy of nominating candidates for judicial positions in separate districts and electing them at large is given constitutional approval.

The petitioner complains that the voters of the Twenty-First judicial district are compelled to vote for one candidate not living in Tulsa county. Under the constitutional plan of electing members of the Supreme Court the voter, in order to exercise his franchise, is compelled to vote for the various candidates from the several districts in the state, and it may happen in the election of members of the Supreme Court as it did in the Twenty-First judicial district that a candidate from one subdivision of the state may receive a larger vote than that of a candidate from another subdivision, yet, under the constitutional plan of nominating and electing members of the Supreme Court, this would be immaterial. In other words, the candidates from each Supreme Court judicial district are opposed to each other in the general election, and no voter is permitted to vote for more than one candidate from the several districts. Following this policy the Legislature has in certain judicial districts of the state made it mandatory that candidates be nominated from a territorial subdivision of said district. This policy has been applied only to those districts having more than one county therein and more than one district judge thereof.

This manner of nominating district judges has heretofore been assailed in this court and this court upheld the policy of the Legislature in territorially dividing the districts for the purpose of a primary.

In Glasco v. State Election Board, 121 Okla. 119, 248 Pac. 642, the court held that section 9 of article 10 of the Constitution

"Does not prohibit the Legislature from dividing a judicial district into two or more nominating districts, and requiring candidates for district judge to be residents of such nominating districts."

It is insisted by the petitioner that the provision of the Constitution—

"And the qualified electors in each of said districts shall elect a judge of the district court"

—destroys the power of the Legislature to territorially distribute the election of district judges in the same district.

In the absence of this provision it would still leave the selection of a district judge to the electors of such district. It would be idle to presume that, under the general provision of the Constitution relating to the election of officials, a district judge could be selected in any other manner than by the electors of the particular district affected.

In the case of State ex rel. Remley v. Lowe et al. (Mo.) 127 S. W. 5, the court said:

"But when the city did act under those powers, and divide the city into districts, then the judge of each division should be elected from the electorate of such district, and by the electorate of such district. It may be urged that such construction adds additional qualifications to those required by the charter. The charter prescribes but one qualification, and that is that such judge at the time of his election shall 'have been for five years a member in good standing of the bar of Jackson county, Mo.' Under this it could hardly be said that the framers of the charter meant that a candidate should be elected who lived at Independence or some other city in Jackson county, yet there would be a score or more living outside of Kansas City who would fill the measure of the charter provision, so far as the qualifications are named in express words. Such, however, was never the intent of the framers of this charter."

Section 36 of article 5 of the Constitution of Oklahoma provides:

"The authority of the Legislature shall extend to all rightful subjects of legislation, and any specific grant of authority in this Constitution, upon any subject whatsoever, shall not work a restriction, limitation or exclusion of such authority upon the same or any other subject or subjects whatsoever."

This court in the case of Glasco v. State Election Board, 121 Okla. 119, 248 Pac. 642, supra, quoted with approval the case of Ohio v. Covington, 29 Ohio St. Rep. 102, which involved a situation similar to the one at bar before this court. It seems that section 4 of article 15 of the Constitution of that state provides that:

"No person shall be elected or appointed to any office in this state, unless he possesses the qualifications of an elector."

And the Legislature passed an act providing that:

"Each member and officer of the police force shall be a citizen of the United States, and a resident citizen, for three years, of the city in which he shall be appointed, and able to read and write the English language."

The act of Legislature was attacked as being violative of the provisions of the Constitution and prescribing additional qualifications for members of the police force to that provided by the Constitution. and the court upheld its constitutionality, saying:

"The express provision of the Constitution is that a person not an elector shall not be elected or appointed to any office in this state. Now, unless the clear implication is that every person who has the qualifications of an elector be eligible to any office in this state, there is no conflict between the statute and the Constitution."

Mechem on Public Officers, page 22, lays down the rule that:

"Where, however, the Constitution does not prescribe the qualifications, it is the province and the right of the Legislature to declare upon what terms and subject to what conditions the right shall be conferred. And, where the Constitution has made some provision, but not exclusive ones, the Legislature may add such others as are reasonable and proper." Citing State v. Covington, 29 Ohio St. Rep. 102, and Darrow v. People, 8 Colo. 417.

And Throop on Public Office s, page 82, states that:

"The general rule is that the Legislature has full power to prescribe qualifications for holding office, in addition to those prescribed by the Constitution, if any, provided that they are reasonable, and not opposed to the constitutional provisions, or to the spirit of the Constitution."

In the case of Ryan. Co. Treas., et al. v. State ex rel. Fulfs, 102 Okla. 168, 228 Pac. 521, this court said:

"Courts are not justified in disturbing legislation on constitutional grounds. except where the infraction is clear, palpable, and plainly inconsistent."

In the instant case we find no provision of the Constitution which would inhibit the Legislature from regulating the manner of nominating and electing district judges in the Twenty-First judicial district as provided in section 3084, C. O. S. 1921.

It is again urged by the petitioner that the bill providing for the manner of nominating and electing judges in the Twenty-First judicial district as provided by the Legislature is local in its nature and, therefore, unconstitutional and void. We cannot agree with this contention. This court has formerly held that the creation and establishment of courts in conformity with constitutional provisions is a general law, and, therefore, does not come within the provision inhibiting special or local legislation.

In conformity with the views herein expressed. the prayer of the petitioner is denied.

BRANSON, C. J., MASON, V. C. J.. and HARRISON. PHELPS. CLARK. RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 12 C. J. pp. 795. 797, 798. §222; 36 Cyc. p. 1103: 25 R. C. L. p. 1000; 3 R. C. L. Supp. p. 1437; 4 R C. L. Supp. p. 1615; 5 R. C. L. Supp. p. 1358: 6 R C. L. Supp. p. 1498. (2) 33 C. J. p. 936, §21. (3) 36 Cyc. p. 1012.