SPARKS, Co. Treas., et al. v. BOARD OF LIBRARY TRUSTEES OF CARTER COUNTY.

No. 32306.   May 14, 1946.

*169 P. 2d 201.*

Guy H. Sigler, Substitute County Attorney of Carter County, of Ardmore, Randell S. Cobb, Atty. Gen., and Fred Hansen, First · Asst. Atty. Gen., for plaintiff in error.

John M. Poindexter; John M. Thompson, Louis A. Fischl, and Ezra Dyer, all of Ardmore, for defendant in error.

HURST, V.C.J. This appeal involves the constitutionality of House Bill No. 110 of the Twentieth Legislature, S.L. 1945, page 84, which creates a law library for Carter county, creates a board of law library trustees to manage the library consisting of the district judge, county judge, and county attorney of Carter county and two members of the county bar association and defines their duties, creates a county law library fund to be taken from the court fund and provides that the fund shall be expended by the board of trustees, provides for the free use of said library by the judges of the courts, county officers, members of the bar and inhabitants of Carter county, and contains other provisions not here material. The board of law library trustees purchased some books for said library and audited and allowed claims therefor and directed that they be paid out of the county law library fund, as provided in the act. Pursuant to the requirements of Senate Bill No. 218 of the Twentieth Legislature, S.L. 1945, page 378, the Attorney General rendered an opinion holding House Bill No. 110 unconstitutional as being a local or special law. The county clerk refused to accept and file said claims and the county treasurer refused to pay said claims in compliance with the Attorney General's opinion. Thereupon the board of law library trustees commenced this proceeding in mandamus to compel the defendants, the county clerk and county treasurer, to file and pay said claims. From a judgment granting a peremptory writ of mandamus, the defendants appeal.

The defendants (appellants here), for reversal, argue that House Bill No. 110 is a local or special law and is violative of section 46, art. 5, and of section 59, art. 5, of our Constitution. The material portions of section 46 are as follows:

"The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law . . . (2) Regulating the affairs of counties . . .

(13) Creating offices, or prescribing the powers and duties of officers, in counties . . ."

Section 59 provides:

"Laws of a general nature shall have a uniform operation throughout the state, and where a general law can be made applicable, no special law shall be enacted."

The plaintiff (appellee here) contends that the act is a general law, and that if it is in error in this respect, it is such a local or special law as is not prohibited by said constitutional provisions, and it calls attention to the fact that it was properly advertised as a local or special law as required by section 32, art. 5, of the State Constitution. Plaintiffs rely principally upon Chickasha Cotton Oil Co. v. Lamb & Tyner, 28 Okla. 275, 114 P. 333; Leatherock v. Lawter, 45 Okla. 715, 147 P. 324; Chicago, R. I. & P. Ry. Co. v. Carroll, etc., 114 Okla. 193, 245 P. 649; Munroe v. McNeill, 122 Okla. 297, 255 P. 150; Sheldon v. Grand River Dam Authority, 182 Okla. 24, 76 P. 2d 355; Excise Board v. Lowden, 189 Okla. 286, 116 P. 2d 700. Plaintiffs say that the library is not strictly a county library, but it may be used by all the judges and lawyers of the state, and that, if a law creating or abolishing a court in a single county is not prohibited by the said constitutional provisions, as held in the three cases first above cited, a law creating a library for the use of the courts in a single county is not invalid.

1. Does the bill regulate the affairs of Carter county within the meaning of the second subdivision of section 46, above quoted? We think it does. The bill does not purport to be a general law by classifying counties within designated population ranges, but names Carter county. The defendants rely upon cases holding unconstitutional bills applying only to named counties or excepting from their operation named counties, fixing the compensation of county officers and their deputies, providing the method of nominating coun-

ty officers, creating designated school districts, extending the terms of county officers and abolishing township government. Among the cases cited are Bradford v. Cole, 95 Okla. 35, 217 P. 470; White v. Infield, 122 Okla. 4, 250 P. 81; Board of Directors, Harper Twp., v. Board of County Commissioners of Dewey County, 134 Okla. 118, 272 P. 374; Leach v. Board of Com'rs of Mayes County, 173 Okla. 270, 47 P. 2d 596; and Welch v. Holland, 177 Okla. 585, 61 P. 2d 559. In these cases it was held that the acts had the effect of "regulating the affairs" of counties or school districts contrary to the prohibition contained in section 46(2).

The bill here involved creates a law library "for Carter county." The library is financed from funds taken from the court fund of Carter county. The two lawyer members of the board of library trustees are "elected by the county bar association" of Carter county from its membership. The library funds are to be expended on claims to be approved by the board of law library trustees, whereas the court fund is, under the general law, disbursed by other officers and county funds are, under the general law, expended on claims approved by the board of county commissioners.

The cases cited by the plaintiff, dealing with the creation or abolition of courts, are not in point. The authority to create or abolish courts is found in section 1, art. 7, of the Constitution. The authority to create courts does not carry with it the right, by a local or special act, to create a county law library because it may incidentally be of use to the courts.

We find no merit in the contention of the plaintiff that the library is a state instead of a county library. The fact that the Legislature may regulate the use of the court fund does not make it a state fund. The Legislature may and does regulate the use of all county funds by appropriate general legislation, but they are not thereby made state funds.

2. Furthermore, the bill has the effect of "creating offices, or prescribing the powers and duties of officers, in counties," in violation of the 13th subdivision of section 46, above quoted.

"An officer is one who is invested with some portion of the functions of the government to be exercised for the public benefit." Black's Law Dictionary (3rd Ed.) page 1286.

See, also, 53 A.L.R. 595 and 93 A.L.R. 333, annotations; 42 Am. Jur. 880; Farley v. Board of Education, 62 Okla. 181, 162 P. 797. Membership on the board of library trustees under this act constitutes an "office," and the members are "officers," as those terms are used in section 46(13), above, and as defined in the cited authorities. Two county officers—the county judge and the county attorney—are ex officio members of the board of law library trustees, and duties are thereby imposed upon them which are not imposed upon the other county judges and county attorneys of the state.

It follows that the bill is unconstitutional, and the judgment is reversed, with directions to dismiss the proceeding.

GIBSON, C.J., and OSBORN, BAYLESS, CORN, and DAVISON, JJ., concur. RILEY and WELCH, JJ., dissent.