County Employee — Retired — District Court Reporter A person who is receiving benefits from a county retirement system (including a retired county officer, such as a court reporter) may lawfully be employed as a court reporter by the state to serve in courts provided for by new Article VII of the Oklahoma Constitution. The Attorney General has had under consideration your letter of October 22, 1968, wherein, after detailing certain pertinent facts, you ask the question: "May a person who is receiving benefits from a county retirement fund be also employed by the State of Oklahoma as a court reporter?" The facts which you detail are in substance as follows. Two court reporters for the Court of Common Pleas of Tulsa County have reached the age (62) of eligibility and are otherwise qualified for retirement as employees of Tulsa County. Inasmuch as the implementation of new Article VII (Judicial Department) of the Oklahoma Constitution will abolish said Court of Common Pleas and any other county courts in which they might continue as court reporters effective January 13, 1969, they presumably will elect to take their county retirement as of that date. They are, however, desirous of appointment thereafter as court reporters in and for a state District Court provided for by said Article VII. It is in the light of the foregoing that you have asked your question. In answer you are advised that the Attorney General concurs in your opinion expressed in your letter that court reporters for the state district courts provided for in new Article VII of the Oklahoma Constitution will be state officers or employees. That the Legislature intends that they be considered state officers or employees is clear from language in pertinent provisions of its statutory enactments relating to court reporters implementing new Article VII. See, for example, 20 O.S. 106.1 [20-106.1] (1968) et seq., and particularly Section 20 O.S. 106.7 [20-106.7] which provides that the salaries of such court reporters shall be paid by the state. Although not expressly stated in your letter, you apparently are concerned over whether the court reporters in question may become state employees while continuing as retired county employees and without participating in the state retirement system (i. e., the Oklahoma Public Employees Retirement System as provided for in 74 O.S. 901 [74-901] (1968) et seq.). This situation apparently was contemplated by the Legislature when it drafted the Oklahoma Public Employees Retirement System act. We note that Section 902(15) (a) of said act excluded from its definition of "employee" any employee ". . . who is covered by or eligible for or who will become eligible for another retirement plan authorized under any other law of this state in operation on the entry date. . . ." We also note that Section 74 O.S. 911 [74-911](2) of said act provides as follows: "Any employee who is employed by a participating employer after the entry date of such employer and who had not attained age fifty-nine (59) at date of employment shall be a member of the system on the first day of the month immediately following employment. Any employee employed after the entry date of his employer who had attained age fifty-nine (59) at date of employment shall not be a member of the system." (Emphasis added) It thus appears that the Oklahoma Public Employees Retirement System act clearly contemplated that there would be state employees who would not be required to participate in said state system because of their coverage or eligibility under another system or because of age, both of which conditions attach to the court reporters concerned in your letter. We have found nothing in the Oklahoma Public Employees Retirement System act which would prevent the court reporters concerned from becoming state officers or employees — as district court reporters or otherwise. We also have searched the other statutes of Oklahoma and have found no other provisions of law which would be pertinent to your question and facts, except as discussed infra . We are aware that 51 O.S. 6 [51-6] (1961) (Ed. Note: Dual Office Holding), prohibits double office holding under the laws of the state, and that there is at least some authority (see 77 C.J.S., Reports Section 10) for holding that a court reporter is a public officer. We note, however, that a retired officer does not continue to function in his office or exercise any of the sovereign power of government such as usually is necessary for a determination that one is a public officer. The Supreme Court of Colorado held in the case of Cumgan v. Flor, Colo., 299 P.2d 1098 (1956), that a retired police officer is not a public officer within the purview of city charter provision prohibiting double office holding. While there is authority to the contrary, we are inclined to believe that Oklahoma courts would follow the rule of the Colorado case. See, for example, Sparks v. Board of Liberty Trustees of Carter County, 197 Okl. 132, 169 P.2d 201
(1946), and Lizar v. State, 82 Okl. Cr. 56, 166 P.2d 119
(1946), in which the actual exercise of some of the sovereign power of government was emphasized as necessary to public office. Also see 67 CJ.S., Officers Sections 1 and 2, generally. We are of the opinion that in any event a retired court reporter is not a public officer. In conclusion then and in answer to your question, it is the opinion of the Attorney General that a person who is receiving benefits from a county retirement system (including a retired county officer, such as a court reporter) may lawfully be employed as a court reporter by the state to serve in courts provided for by new ArticleVII of the Oklahoma Constitution. (Hugh H. Collum)