CITY COUNCILMAN AND COMMISSIONER OF BOARD OF PARK COMMISSIONERS — BOTH OFFICES, SAME PERSON CANNOT SERVE. The positions of city councilman and Commissioner of the Board of Park Commissioners, created by 11 O.S. 1211 [11-1211] (1961), are both "offices" as contemplated by 51 O.S. 6 [51-6] (1961). Therefore, an individual would be prohibited from holding both positions simultaneously. We have considered your request for an opinion in which you ask the following question: "Can an individual duly elected, qualified and presently serving as a Councilman for the City of Lawton, Oklahoma, a Municipal Corporation, operating under a statutory form of city government, be appointed to and simultaneously serve as a member of the Parks Board which is established by Section 1211 of Title 11 of the Oklahoma Statutes?" Your question is answered by the provisions and construction of 51 O.S. 6 [51-6] (1961), which provides as follows: "Except as may be otherwise provided, no person holding an office under the laws of the State and no deputy of any officer so holding any office, shall, during his term of office, hold any other office or be the deputy of any officer holding any office, under the laws of the State. Provided, that the provisions of this Section will not apply to notaries public and members of the Textbook Commission." We interpret this statute to provide that unless the Legislature specifically provides otherwise, no person who holds a municipal, county, state or other position created by the statutes of the State of Oklahoma which as a matter of fact and law constitutes an " office " as contemplated by the statute, and no deputy of such office shall during his term of office occupy any other such " office " or be the deputy of any such office. The statute must be construed to be an absolute prohibition without regard to the questions of the incompatibility of such offices or possible conflicts in interest by reason of occupying such offices. Therefore, the only question raised by your request for an opinion is whether the positions of city councilman for the City of Lawton, and as Commissioner of the Board of Park Commissioners for the City of Lawton, are offices as contemplated by 51 O.S. 6 [51-6] (1961). Prior Attorney General Opinions have held that the position of city councilman for a city operating under statutory form of government, is an office as contemplated by 51 O.S. 6 [51-6] (1961). See e.g., October 29, 1949 and March 9, 1955. We agree with these opinions. The Board of Park Commissioners is created by 11 O.S. 1211 [11-1211] (1961), et seq., consisting of three persons appointed by the Mayor and consent and approval of the City Council. Section 11 O.S. 1212 [11-1212] provides for a "term of office" of three years. Section 11 O.S. 1214 [11-1214] prescribes some of the powers and duties of the ''officers'' of the Board of Park Commissioners, as follows: "The said board of park commissioners shall have full and exclusive power to make rules and bylaws for the orderly transaction of their business. The board shall keep an accurate record and books of account, and shall annually transmit to the city council a full and detailed report and statement of all its acts and doings, together with a complete and itemized account of all receipts and disbursements. . . . Said Board shall have power to appoint or employ such superintendents, engineers, architects and other officers and employees as it may deem necessary, and shall prescribe and define their respective duties, powers, and authorities, and shall fix and regulate the compensation to be paid to the several persons so employed, but in no case to expend for any purpose more than the sum appropriated for park purposes." Section 11 O.S. 1215 [11-1215] provides as follows: "The board constituted as aforesaid, shall have the care, management and control of all parks and grounds used for park purposes, all boulevards, connecting parks and structures thereon, and parkways, now or hereafter owned by or in the control of the city, within the corporate limits of the city, and may give proper designating names thereto. The board shall have power to acquire, and the city to hold, property, within the corporate limits of such city for the purpose of establishing public parks and public squares, or the enlarging of existing parks, or for boulevards, connecting parks, or parkways, by condemnation or by contract for the same; to accept conveyances thereof; to receive gifts, donations, or devises of land or other property for park purposes; to lay out and to improve with walks, drives, and roads, to build necessary culverts and bridges, to drain, plant, and otherwise at their discretion to improve and adorn the parks and other property thus held or acquired by said board; to erect such buildings as may be needed for the use, protection, and refreshment of the public: Provided, However, that in no case shall any expenditure be made in excess of the amount provided by the city council or from other sources. The said board shall have power to make and alter, from time to time, all needful rules and regulations for the maintenance of order, safety, and decency in said parks, both within and without the limits of the city, and to affix penalties for disobedience thereto, which rules and regulations shall have the force of ordinance of the city: Provided, that no such rules or regulations shall be of any effect unless it shall have been first approved by the city council. For the purpose of enforcing such rules and regulations, all such parks, and property, within the limits of said city, are hereby placed under the police jurisdiction of the city; and complaints for the violation of such regulation may be made by the city attorney to the police court of said city. Any member of the police department may arrest, without warrant, in any of such parks or places, whether within or without the limits of the city, any person who has broken any park rule, or committed any violation of such rules or the ordinance of the city in said park; and the police court of the city shall have jurisdiction of all such violations committed within the limits of said parks." An officer under 51 O.S. 6 [51-6] (1961), was defined in Sparks v. Board of Library Trustees, 169 P.2d 201,197 Okl. 132 (1946), as: "An officer is one who is invested with some portion of the functions of the government to be exercised for the public benefit." Citing Black's Law Dictionary, 3d Ed., page 1286. See, also, 53 A.L.R. 595, 93 A.L.R. 333 Annotated; 42 Am. Jur. 880; Farley v. Board of Education of City of Perry, 62 Okl. 181, 162 P. 797. Although it is clear that the city council must provide the funds expended by the Board of Park Commissioners and the city council must approve any rules and regulations passed by the Board of Park Commissioners, it is just as clear that the Board of Park Commissioners is vested with some portion of the functions of government to be exercised for the public benefit which in general is the care, management and control of the parks and grounds used for park purposes, boulevards, connecting parks and structures thereon. It is, therefore, the opinion of the Attorney General that the positions of city councilman and Commissioner of the Board of Park Commissioners, created by 11 O.S. 1211 [11-1211] (1961), are both " officers " as contemplated by 51 O.S. 6 [51-6] (1961). Therefore, an individual would be prohibited from holding both positions simultaneously. (Gary M. Bush) ** SEE: OPINION NO. 74-118 (1974) **