DIRECTOR OF SODA NOT OFFICER
A city or county officer can serve simultaneously as a member of the board of directors of Southern Oklahoma Development Association. The Attorney General has considered your request for an opinion wherein you, in effect, ask the following question: "Under Title 51 O.S. 6 [51-6], can a city or county office holder serve simultaneously as the member of the Board of Directors of another governmental organization, i.e., Southern Oklahoma Development Association?" Title 51 O.S. 6 [51-6] states: "Except as may be otherwise provided, no person holding an office under the laws of the State and no deputy of any officer so holding any office, shall, during his term of office, hold any other office or be the deputy of any officer holding any office, under the laws of the State. Provided, that the provisions of this Section will not apply to notaries public and members of the Textbook Commission. R.L. 1910, 4274; Laws 1929, ch. 255, p. 363, 1; Laws 1939, p. 22, 1" The primary issue to determine is whether or not the position of a Director on the Board of Directors of SODA is an officer. If so, then there would be a violation of Title 51 O.S. 1961 6 [51-6]. The case of Sparks v. Board of Library Trustees, 169 P.2d 201,197 Okl. 132 (1946), defines "officer" as: "An 'officer' is one who is invested with some portion of the functions of the government to be exercised for the public benefit." Citing Black's Law Dictionary, 3rd Edition, p. 1286. See, also, 53 A.L.R. 595, 93 A.L.R. 333 ann.; 42 Am.Jur. 88; Harley v. Board of City of Perry, 62 Okl. 181,162 P. 797." The next issue, then, would be whether or not the Board of Directors carry out any functions of government for the public benefit, or stated in another way, is SODA a separate governmental entity vested with governmental or policy making powers. A close look at Title 74 O.S. 1001 [74-1001] — 74 O.S. 1008 [74-1008] (1970), which is the Inter-local Cooperation Act and hereinafter called act, shows that nowhere in this act is there a separate governmental entity created that has any of the powers of other existing governmental entities. The act does not enumerate any of the traditional powers that an existing governmental entity has. In Section 74 O.S. 1001 [74-1001] the purpose of the act is set out and states: "It is the purpose of this act to permit local governmental units to make the most efficient use of their powers by enabling them to cooperate with other localities on the basis of mutual advantage and thereby to provide services and facilities in a manner and pursuant to forms of governmental organization that will accord best with geographic, economic, population and other factors influencing the needs and development of local communities." Section 74 O.S. 1004 [74-1004] states what agreements are authorized and states in part: "(a) Any power or powers, privileges, or authority exercised or capable of exercise by a public agency of this state may be exercised and enjoyed jointly with any other public agency of this state, and jointly with any public agency of any other state or of the United States to the extent that laws of such other state or of the United States permit such joint exercise or enjoyment. Any agency of the state government when acting jointly with any public agency may exercise and enjoy all of the powers, privileges, and authority conferred by this act upon a public agency. "(b) Any two or more public agencies may enter into agreements with one another for joint or cooperative action pursuant to the provisions of this act. "(e) No agreement made pursuant to this act shall relieve any public agency of any obligation or responsibility imposed upon it by law except that, to the extent of actual and timely performance thereof by a joint board or other legal or administrative entity created by an agreement made hereunder, said performance may be offered in satisfaction of the obligation or responsibility." Thus, the Board of Directors of SODA or any similar association is not vested with the authority to make policy. The purpose of the Inter-local Cooperation Act is to achieve greater efficiency in carrying out governmental services and functions of the members of an association, and any entity created is merely an arm of its members. A member of a board of directors of an association such as SODA is invested only with the authority to carry out the functions of its members. To be a county or city officer, and also be a director of an association such as SODA, would not violate the terms of Title 51 O.S. 6 [51-6] (1961). Therefore, it is the opinion of the Attorney General that your question be answered in the affirmative in that a city or county officer can serve simultaneously as a member of the board of directors of Southern Oklahoma Development Association. (Todd Markum) (Dual office holding) ** SEE: OPINION NO. 78-112 (1978) **