DUAL OFFICE HOLDING A deputy sheriff can not simultaneously hold a position as Municipal Judge. The Attorney General is in receipt of your request for an opinion wherein you ask the following question: "Can a deputy sheriff who is also serving as clerk and secretary in the Sheriff's office also be employed as a Municipal Court Judge of a city?" Your specific question is answered by the provisions and construction of 51 O.S. 6 [51-6] (1971), which section is as follows: "Except as may be otherwise provided, no person holding an office under the laws of the State and no deputy of any officer so holding any office, shall, during his term of office, hold any other office or be the deputy of any officer holding any office, under the laws of the State. Provided, that the provisions of this section will not apply to notary public and members of the Textbook Commission. " We interpret the above provision and it has been so interpreted by this office in the past, that unless the Oklahoma Legislature specifically provides to the contrary, no person who holds a state, county, municipal, or other position which as a matter of fact and law constitutes an "office" as contemplated by the statute, and no deputy of such office shall during his term of office occupy any other such "office" or be the deputy of such office. Further, the above provisions must in light of legislative intent be construed as an absolute prohibition without regard to any question of incompatibility of such offices or probable conflicts of interest by virtue of occupying such offices. See e.g., Op. Atty. Gen. No. 71-275. Accordingly, the sole question raised by your request for an opinion is whether the positions of deputy sheriff, and Municipal Court Judge of a city, are offices within the meaning and contemplation of 51 O.S. 6 [51-6] (1971). Municipal Courts are established and created by 11 O.S. 781 [11-781] (1971), et seq., and 11 O.S. 958 [11-958] (1971), et seq. Previous Attorney General Opinions leave no doubt that a deputy sheriff is an officer of the State, and a Municipal Judge is an officer under the laws of this State as contemplated by 51 O.S. 6 [51-6] (1971). See e.g., Op. Atty. Gen. Nos. 70-229 (September 30, 1970); 70-283 (October 1, 1970); 70-228 (July 10, 1970); 69-185 (July 2, 1969). These opinions are still in effect. In Sparks v. Board of Library Trustees, 169 P.2d 201, 197 Okl. 132
(1946), an officer was defined: "An officer is one who is vested with some portion of the functions of the government to be exercised for the public benefit. Citing Black's Law Dictionary, 3d Ed., page 1286. See also 53 A.L.R. 595, 93 A.L.R. 333, Annotations; 42 Am.Jur. 880; Farley v. Board of Education of City of Perry,62 Okl. 181, 162 P. 797." It is thus clear that a deputy sheriff and a Municipal Judge are both "officers" within the meaning and contemplation of 51 O.S. 6 [51-6] (1971). It is, therefore, the opinion of the Attorney General that your question be answered in the negative; that is to say, a deputy sheriff can not simultaneously hold a position as Municipal Judge. (Nathan J. Gigger) ** See: Opinion No. 92-502 (1992) ** See: Opinion No. 92-522 (1992) ** SEE: OPINION NO. 77-179 (1977) ** ** SEE: OPINION NO. 77-180 (1977) ** ** SEE: OPINION NO. 78-171 (1978) **