AUDIT OF OKLAHOMA PUBLIC EMPLOYEES DEFERRED COMPENSATION TRUST The State Examiner and Inspector may lawfully audit the books, records and fiscal accounts of the Oklahoma Public Employees Deferred Compensation trust under authority of 74 O.S. 212 [74-212] (1971). The State Examiner and Inspector is authorized by 74 O.S. 212 [74-212] (1971), and 73 O.S. 166 [73-166] (1971), to audit the books, records, assets and fiscal accounts of the Oklahoma Capitol Improvement Authority. The Attorney General is in receipt of your letter wherein you request an opinion on the following questions: 1. May the State Examiner and Inspector lawfully audit the books, records and fiscal accounts of the Oklahoma Public Employees Deferred Compensation Trust under authority of 60 O.S. 180.1 [60-180.1] through 60 O.S. 180.3 [60-180.3] [60-180.3] (1971) or 74 O.S. 212 [74-212] 74 O.S. 214 [74-214], 74 O.S. 215 [74-215] (1971), or any other statutory authority? 2. Is there any lawful authority for the State Examiner and Inspector to audit the books, records, assets and fiscal accounts of the Oklahoma Capitol Improvement Authority? Taking the questions in order, 60 O.S. 180.1 [60-180.1] through 180.3 state in pertinent part: "The trustees of every trust created for the benefit and furtherance of any public function with the State of Oklahoma or any county, city, town municipality or any political or governmental subdivision as the beneficiary or beneficiaries thereof must cause an audit to be made of the funds, accounts and fiscal affairs of such trust, such audit to be ordered within thirty days of the close of each fiscal year of the said trust. . .The audits herein required shall be certified with the unqualified opinion of a Certified Public Accountant, a Certified Municipal Accountant, or a licensed public accountant, notwithstanding any lesser requirement by any instrument under which the trust may have been covenanted for an audit to be made or furnished the required audit shall adhere to the standards set by the State Examiner and Inspector. One copy of the annual audit shall be filed with the State Examiner and Inspector . . . the necessary expense of said audits . . . shall be paid from funds of the trust." Title 74 O.S. 212 [74-212] (1971), provides in pertinent part: "The State Examiner and Inspector shall examine without notice all books and accounts of the State Treasurer . . . each year. He shall examine the books and accounts of the State officers whose duty is to collect, disburse or manage funds of the State. . . It shall be the duty of the State Examiner and Inspector to prescribe a uniform system of bookkeeping for the use of all treasurers so as to afford a suitable check upon their mutual acts and insure a thorough inspection and the safety of the state and county funds. . . All officers of the State and counties of the State . . . must afford reasonable facilities for the investigation provided for in this article. . ." The trusts contemplated by the Legislature in 60 O.S. 180.1 [60-180.1] (1971), et seq., are trusts created for the benefit of the public or for the furtherance of any public function with the State or political or governmental subdivisions as a beneficiary thereof. As pointed out in Attorney General Opinion 64-160, which you make reference to in your request, 60 O.S. 180.1 [60-180.1] (1971), et seq., was enacted as a part of the public trust laws. A reading of the Deferred Compensation Trust Fund Trust Indenture reveals the fact that the State of Oklahoma is the sole beneficiary of the trust, however, the trust was not created pursuant to the public trust laws as the Deferred Compensation Trust Fund was created by 74 O.S.Supp. 1974, 1701. Therefore, 60 O.S. 180.1 [60-180.1] through 180.3 are not applicable to the said trust. The State Examiner and Inspector is authorized by 74 O.S. 212 [74-212] (1971), to "examine the books and accounts of the state officers whose duty it is to collect, disburse or manage funds of the State". The funds that are collected, disbursed and managed by the Trustees of the Deferred Compensation Trust are state funds under the provisions of the Trust Indenture. It would follow that the State Examiner and Inspector has the authority pursuant to 74 O.S. 1971 212 [74-212], to examine the books, records, assets and fiscal accounts of the Oklahoma Public Employees Deferred Compensation Trust. The Oklahoma Capitol Improvement Authority was created by 73 O.S. 152 [73-152] (1971), et seq., which states in pertinent part: "There is hereby created a body corporate and politic to be known as the 'Oklahoma Capitol Improvement Authority' and by that name the Authority may sue and be sued and plead and be impleaded. The Authority is hereby constituted an instrumentality of the state and the exercise by the Authority of the powers conferred by this act, in the construction, equipping, operation and maintenance of the state building or buildings (hereinafter referred to as the 'building') shall be deemed and shall be held to be an essential governmental function of the state." Thus, the members of the Authority are vested with certain powers and duties, the performance of which constitutes an essential govern mental function of state. That is, they are vested with some portion of the sovereign functions of government. They are, therefore, public officials within the meaning of Guthrie Daily Leader v. Cameron, 41 P. 635 (1895), which states: "A public office is the right, authority and duty created and conferred by law. . .an individual is vested with some portion of the sovereign function of the government either executive, legislative, or judicial to be exercised for the benefit of the public." See also Sparks v. Board of Library Trustees, 197 Okl. 132,169 P.2d 201 (1946); 53 A.L.R. 595, 93 A.L.R. 333, annotations; 42 Am. Jur. 880, Farley v. Board of Education of City of Perry, 62 Okl. 181, 162 P. Specific provisions for the auditing of the Oklahoma Capitol Improvement Authority are contained in 73 O.S. 166 [73-166] (1971), which provides in pertinent part as follows: "(b) All invoices, bills and claims of whatever nature shall be subject to audit under provisions of the preaudit law and other laws relating to the disbursement of public funds." There is no doubt that the Capitol Improvement Authority performs functions and activities for the public benefit. The State Examiner and Inspector is empowered by 74 O.S. 212 [74-212] (1971), to examine books and accounts of the state officers whose duty it is to collect, disburse or manage funds of the State at least once a year. It is, therefore, the opinion of the Attorney General that your first question be answered as follows: The State Examiner and Inspector may lawfully audit the books, records and fiscal accounts of the Oklahoma Public Employees Deferred Compensation trust under authority of 74 O.S. 212 [74-212] (1971). It is further the opinion of the Attorney General that your second question be answered as follows: The State Examiner and Inspector is authorized by 74 O.S. 212 [74-212] (1971), and 73 O.S. 166 [73-166] (1971), to audit the books, records, assets and fiscal accounts of the Oklahoma Capitol Improvement Authority. (Marvin C. Emerson)