OFFICERS The positions of Associate Municipal Judge and Municipal Planning Commission Member are both "offices" and an individual would be prohibited from holding both positions simultaneously. The Attorney General has considered your request for an opinion wherein you ask the following question: "Could an individual legally serve as a member of a municipal planning commission (without pay) and at the same time also serve as an Associate Municipal Judge (paid on a per diem basis only when serving)?" Your specific question is answered by the provisions and construction of 51 O.S. 6 [51-6] (1971), which provides as follows: "Except as may be otherwise provided, no person holding an office under the laws of the State and no deputy of any officer so holding any office, shall, during his term of office, hold any other office or be the deputy of any officer holding any office, under the laws of the State. Provided, that the provisions of this section will not apply to notary public and members of the Textbook Commission." The aforementioned provision has been repeatedly interpreted by this office to the effect that unless the Legislature specifically provides otherwise, no person who holds a municipal, county, state or other position created by the Statutes of the State of Oklahoma, which as a matter of fact and law constitutes an "office" as contemplated by the statute, and no deputy of such "office" shall during his or her term of office occupy any other such "office" or be the deputy of any such "office". The statute must be construed to be an absolute prohibition without regard to questions of the incompatibility of such offices or possible conflicts of interest by reason of occupying such offices. See 4 Okl.Op.A.G. 262 (Opinion No. 71-175). Therefore, the only question raised by your request for an opinion is whether the position of Associate Municipal Judge and Municipal Planning Commission Member are offices as contemplated by 51 O.S. 6 [51-6] (1971). Prior Attorney General's Opinions have held that the position of Municipal Judge is an office as contemplated by 51 O.S. 6 [51-6] (1971) and it would certainly follow that anyone vested with judicial authority in a municipality by whatever nomenclature is likewise within the purview of the pertinent provision. See 7 Okl.Op.A.G. 24 (Opinion No. 74-118); 3 Okl.Op.A.G. 301 (Opinion No. 70-299). Further, prior Attorney General Opinions leave no doubt that the position of Municipal Planning Commission Member is likewise a public office as contemplated by 51 O.S. 6 [51-6] (1971). See 3 Okl.Op.A.G. 204 (Opinion No. 70-228); Opinion of the Attorney General No. 66-53. It is apparent from the language in which your question is couched that the mode of compensation or lack of compensation for such offices is felt to bear some relationship to their status. In Childs v. State, 4 Okl. Cr. 474, 113 P. 546, 548
(1911), the Oklahoma Court of Criminal Appeals stated: "Salary is merely incident to an office, and constitutes no part of the office; the office may exist without provision for compensation of any kind or character. Compensation is not indispensable to an office. Throop on Public Officers, Section 8, Mechem on Public Officers, Section 7; State v. Stanley, 66 N.C. 59, 8 Am. Rep. 488; Howerton v. Tate, 68 N.C. 547; State v. Kennon, 7 Ohio St. 546; U.S. v. Hartwell, 6 Wall. 385, 18 L.Ed. 830." See also 67 C.J.S. Officers, 1; 2 Okl.Op.A.G. 128 (Opinion No. 69-185) In Sparks v. Board of Library Trustees,197 Okl. 132, 169 P.2d 201 (1946), an officer was defined as follows: "An officer is one who is vested with some portion of the function of government to be exercised for the public benefit. Blacks Law Dictionary, 3rd Edition, p. 1286. See also 53 ALR 595, 95 ALR 333, Annotations; 42 Am.Jur. 880; Farley v. Board of Education of City of Perry, 620 Okl. 181, 162 P. 797." It is thus clear that an Associate Municipal Judge and Municipal Planning Commission Member are both "officers" within the meaning and contemplation of 51 O.S. 6 [51-6] (1971). Therefore, it is the opinion of the Attorney General that the positions of Associate Municipal Judge and Municipal Planning Commission Member are both "offices" and an individual would be prohibited from holding both positions simultaneously. (KENNETH L. DELASHAW, JR. Assistant Attorney General) ** SEE: OPINION NO. 80-540 (1980) (UNPUBLISHED) ** ** SEE: OPINION NO. 92-583 (1992) (UNPUBLISHED) **