### DIEHL v. CRUMP, District Judge.

No. 10397—Opinion Filed Feb. 25, 1919.

(179 Pac. 4.)

(Syllabus.)

1. **Constitutional Law — Courts — Statutes — Special Laws — Publication — Withdrawal of Jurisdiction.**

Record examined, and held: (1) That section 1 of chapter 135, Session Laws 1917, is constitutional and valid. (2) That section 14 of said act is special and local legislation, and is unconstitutional (1) because it was not published as required by section 32, article 5, Williams' Constitution, and (2) because it attempts to deprive the district court of judicial power and vest the same in the litigants.

2. **Constitutional Law—Deprivation of Judicial Power—Statute.**

A law which provides that the mere filing of an affidavit charging bias and prejudice is sufficient to disqualify a judge without any hearing or determination of whether the affidavit is true or false is unconstitutional as depriving the court of judicial power and vesting the same in the litigants to that extent.

Sharp and McNeill, JJ., dissenting in part.

Error from District Court, Okfuskee County; Geo. C. Crump, Judge.

Original application by C. H. Diehl for prohibition against Hon. George C. Crump, as Judge of the District Court for the Ninth Judicial District, and the District Court for Okfuskee County, Okla. Writ denied.

S. L. O'Bannon, C. T. Huddleston, and Logan Stephenson, for plaintiff in error.

S. P. Freeling, R. McMillan, R. E. Wood, and C. E. Hall, for defendant in error.

KANE, J. This is an original application for a writ prohibiting George C. Crump, as judge of the district court of Okfuskee county from trying a certain criminal case wherein the petitioner is charged upon an indictment with a violation of the election laws of the state.

The petition of the plaintiff charges in effect that, when he was called upon to plead to the indictment filed against him in the criminal court, he filed the affidavit prescribed by section 14, chapter 135, Session Laws 1917, wherein he stated that he could not have a fair and impartial trial before said district court by reason of the bias and prejudice of said district judge; that by virtue of said statute, immediately upon filing said affidavit the district court lost, and the superior court acquired, jurisdiction of said criminal cause.

The answer of the respondent alleged in effect that the act of the Legislature which attempts to create a superior court for Okfuskee county invaded the province of the judiciary, and was unconstitutional and void for the reasons that it invaded the province of the judiciary, and that, although said act was local or special in its nature, it was considered and passed by the Legislature without being published as required by section 32, article 5, Williams' Constitution, which provides:

"No special or local law shall be considered by the Legislature until notice of the intended introduction of such bill or bills shall first have been published for four consecutive weeks in some newspaper published or of general circulation in the city or county affected by such law, stating in substance the contents thereof and verified proof of such publication filed with the secretary of state."

The particular sections of the act which are attacked as unconstitutional are sections 1 and 14, which provide, respectively, as follows:

Section 1: "There is hereby created and established in every county in this state, having a population of more than 19,900 and not to exceed 20,000, according to the last or any future federal census, a court of civil and criminal jurisdiction co-extensive with the county to be known as the superior court of such county, which shall be a court of record and shall be held at the county seat of such county."

Section 14. "All causes, whether civil, criminal, probate or otherwise, now pending or that may hereafter be filed in the district court of every such county, shall be transferred to such superior court by the court clerk of such county on the filing of an affidavit in such district court, with the court clerk thereon, by any party to any such cause or his or her attorney of record, or by the county attorney of any such county, stating that such party or that the state of Oklahoma, if the same be a criminal case, can not have a fair and impartial trial before such district judge by reason of the bias and prejudice of such district judge. Immediately upon the filing of such affidavits and concurrently therewith, the district court shall lose jurisdiction and the superior court shall acquire jurisdiction of such cause, and it is hereby made the duty of such court clerk to immediately transfer to and file in such superior court, all the original files and papers of said cause, together with a certified transcript of such files, the accrued costs in such cause, and the entries and records made in said cause in such district court, and the same shall be docketed in such superior court and proceeded with in the same manner and with like effect as if the same had been originally filed in such superior court."

In Leatherock v. Lawter, 45 Okla. 720, 147 Pac. 324, the question of whether an act establishing a superior court for a single county was a local or special law was presented squarely to this court for determination. After a careful consideration of the question the court answered the question in the negative, and also held that the act which repealed the act establishing a superior court in Custer county was general in its nature and uniform in its operation, in that it affected all the citizens of the state alike' so far as the exercise of its jurisdiction and power is concerned. Whilst the writer of this opinion dissented in Leatherock Case, and still believes that legislation of this kind is purely local and special, there can be no doubt that the Leatherock Case is squarely in point here, and upholds the constitutionality of the section of the act creating the court. Granting then, that section 1 of the act is general and not special or local legislation, it does not follow that the same must be said of section 14 of the act. Section 14 it will be observed relates directly to the disqualification of the judge of a court for bias and prejudice. It provides in effect that, upon filing the prescribed affidavit in the district court with the clerk thereof, by a party to any cause pending therein, merely stating that such party cannot have a fair and impartial trial before such district judge

by reason of the bias and prejudice of such district judge, the district court forthwith loses, and the superior court acquires, jurisdiction of the cause, and it shall be the duty of the clerk of the latter court to immediately transfer such cause to the superior court. It is conceded that the district courts are constitutional courts, having general original jurisdiction throughout the state, and it is also conceded that there is a general law operating uniformly throughout the state which provides, in effect, that where any party to any cause pending in a court of record desires a change of judge he must file a written application with the clerk of the court, setting forth the grounds of facts upon which the claim is made that the judge is disqualified, and request said judge so to certify after reasonable notice to the other side, which application must be presented to such judge, and upon his failure to sustain such application within three days before said cause is set for trial, application may be made to the proper tribunal for mandamus requiring him to do so.

The best proof possible that section 14 is a local and special law and does not operate uniformly throughout the state is that it does not apply to any other district judge in the state except the judge of the district court of the judicial district, and it does not affect him except when he is sitting in one of the several counties composing his judicial district, to wit, Okfuskee county. If this were permitted it would tend to destroy the harmony of the judicial system provided for by the Constitution and work interminable confusion in the trial of causes. Section 59, art. 5, Williams' Constitution, provides that laws of a general nature shall have a uniform operation throughout the state. It does not require argument to show that the section 14 now under consideration does not meet this requirement. Another section of the Constitution (section 46, art. 5) provides that the Legislature shall not pass any local or special law regulating the practice or jurisdiction of or changing the rules of evidence in judicial proceedings or inquiry before the courts. Section 14 seems to be in direct conflict with this section of the Constitution, as it attempts to regulate the practice and jurisdiction of a court of general jurisdiction, not by a general law applicable to all district courts and judges, but by a law applicable to a single district judge while he is sitting in one of the counties comprising his judicial district.

For the reasons stated, we think section 14

is a special and local law, and that not having.been published as provided in section 32, supra, of the Constitution, it must fall as an invalid act.

In our judgment, before the plaintiff is entitled to a change of judge upon the ground of bias and prejudice of the judge, he must file an affidavit, as provided by the general law governing such matters, "setting forth the grounds or facts on which the claim is made that the judge is disqualified." Moreover, it has been held that a law which provides that the mere filing of an affidavit charging bias and prejudice is sufficient to disqualify a judge without any hearing or determination of whether the affidavit is true or false is unconstitutional, as depriving the court of judicial power, and vesting the same in the litigants to that extent. Ex parte N. K. Fairbank Co. (D. C.) 194 Fed. 978.

For the reason stated, the writ of prohibition prayed for is denied.

All the Justices concur in the conclusion reached.

SHARP and McNEILL, JJ., dissent from the portion of the opinion sustaining the constitutionality of the part of the statute creating superior courts in counties "having a population of more than 19,900, and not to exceed 20,000."