Note.—See under (1) 27 Cyc. p. 1622; anno. 26 A. L. R. 33; 36 A. L. R. 609; 19 R. C. L. p. 562; 3 R. C. L. Supp. p. 957. (2) 27 Cyc. p. 1627; anno 4 A. L. R. 1415; 19 R. C. L. 562.

---

## WHITE v. INFIELD et al.

No. 17737—Opinion Filed Sept. 21, 1926.

Rehearing Denied Oct. 26, 1926.

(Syllabus.)

1. **Statutes—Local Laws—Unconstitutionality of Act Relating to Term of County Assessor in Ellis County.**

Chapter 68 of the Acts of the Legislature of the state of Oklahoma at its regular biennial session 1925, which was approved April 7, 1925, which undertook to extend the term of office of the then county assessor of Ellis county for a period of two years and prescribing that the next election for assessor should be held in 1928 and each four years thereafter, is without legal force and effect in that it is violative of section 59, article 5; section 10, article 23, and subdivision M, of section 46, article 5, of the Constitution of the state.

2. **Mandamus—Necessity for Clear Right to Writ.**

Mandamus is an extraordinary remedy, and the same will not be granted unless the plaintiff shows himself as a matter of law clearly entitled to the right which he claims is, or is about to be, invaded.

Original Action in Supreme Court for Mandamus.

Action by Charles J. White against B. F. Infield and others, constituting the County Election Board of Ellis County. Writ denied.

C. B. Leedy, for plaintiff.

T. R. Blaine, for defendants.

BRANSON, V. C. J. The plaintiff, Chas. J. White, seeks relief herein by a petition invoking the original jurisdiction of this court to issue writs of mandamus. He prays a writ against the defendants, B. F. Infield, E. G. Fulton, and J. W. Burrow, as the members of and constituting the county election board of Ellis county. The propriety of his original action herein is not questioned, and we do not discuss it.

He pleads what is substantially contained

in the stipulation between the plaintiff and the defendants, which stipulation is in substance this:

"That he is a qualified elector of said county; that the defendants compose the county election board thereof: that on the 10th day of June, 1926, he filed with the secretary his written application to become a candidate for county assessor for nomination in the primary, August 3, 1926: that about the 23rd of June, on the advice of the county attorney that a county assessor was not to be elected in said county for the year 1926, the secretary advised him that his application to go on the ballot for nomination for county assessor was rejected: that there was no candidate for county assessor of said county placed on the ballots used in the primary in said county, but that in certain precincts a few electors wrote the plaintiff's name upon the ballots for county assessor, thus indicating their desire to vote for the plaintiff as the Republican nominee for said office. That the returns showing 5 votes cast for the plaintiff were filed with the county election board by the precinct election officers; that he filed his expense account as required by law; that after the primary election he demanded of the county election board a certificate of nomination as county assessor: that said demand was refused and that the board continues to refuse to give him a certificate of nomination, and that without a mandamus compelling the board to do so he is without remedy."

The reason assigned by the board for refusing the alleged right of the plaintiff to become a candidate in the primary election or nomination as county assessor was given him on or about the 27th day of June, 1926. It was the fact that the provisions contained in chapter 68 of the Acts of the Legislature of 1925 prohibited an election of county assessor of Ellis county until 1928. Said act of the Legislature is as follows (omitting the title and enacting clause):

"Section 1. In Ellis county, the tax assessor shall be elected for a term of four (4) years: the first election of tax assessor in said county shall be in the election in the year 1924.

"Section 2. The tax assessors now acting and qualified in said county shall hold office until their successors are duly elected, the regular election to be held in said county in 1928, and qualified, and that thereafter, all assessors in said county shall hold office for a period of four (4) years and until their successors are duly elected and qualified."

The plaintiff, however, contends that, while the defendants acted upon the said statute, and in good faith denied or refused his tendered filing, the said act is without legal force and effect and violative of the Constitution of the state, and particularly violative of section 59, art. 5; section 10, art. 23; section 2, art. 17; subdivision M of section 46, art. 5.

It is stipulated, as above set out, that the bill in question was a special act and applicable solely to Ellis county; that due and legal notice as required by the Constitution of the state was given before its introduction in the Legislature.

The first of said provisions of the Constitution (said section 59, art. 5) provides:

"Laws of a general nature shall have a uniform operation throughout the state, and where a general law can be made applicable no special law shall be enacted."

Section 10, art. 23, provides, among other things:

"Nor shall the term of any public official be extended beyond the term for which he was elected or appointed."

Subdivision M of section 46, art. 5, provides that the Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law authorizing:

"Sec. 46 (m). Officers—Duties—Counties—Cities—Towns—School Districts. Creating offices, or prescribing the power and duties of officers, in counties, cities, towns, election or school districts."

The first named of said sections prohibits the enactment of a special law where a general law can be made applicable.

In determining the contention of the plaintiff as to this section of the Constitution as affecting the above-quoted act we are not unaware of the holding of this court in the case of Chickasha Cotton Oil Co. v. Lamb, 28 Okla. 275, 114 Pac. 333, to the effect that the Legislature must determine whether a general law can be made applicable to the subject-matter in regard to which a special or local law is enacted. We cannot concede that the reasoning on which this conclusion is based has any application to the instant case, for here we find that at the time of the passage of this so-called local statute, confined in its effect solely to Ellis county, there was a general statute effective in all the counties of the state, including Ellis county, prescribing when county assessors should be elected and their term of office; so, if we should undertake to resort to the adjudication of the Legislature as to the necessity of a special act and hold that adjudication is controlling, we find that the Legislature had long since adjudged that a general act could be made applicable to the subject-matter before the leg-

islative body. We think, again, that the said act is subject to the objection made by the plaintiff as found in subdivision M of section 46, art. 5. This entire section is an inhibition against the legislative branch of the state government, and among other things prohibits its creating offices or prescribing powers and duties of officers in counties, etc. This section is subject to interpretation. It means nothing less, so far as the matter in this case is involved, than that the Legislature shall not prescribe **powers and duties of county officers** by special enactments. We cannot agree with the contention of the defendants that the extension of the tenure of office of a particular county officer in the state does not fall within the **powers and duties** referred to in said subdivision of said section.

No doubt the said act is subject to the further objection as contained in section 10, art. 23.

While we are driven to the conclusion that the act relied upon by the defendants is without legal force and effect, it does not follow that the plaintiff is entitled to the relief prayed herein. Clearly he was notified in June that his attempted filing for the office of county assessor was rejected. Had he brought his action at that time to compel the board to recognize his filing for the office of county assessor, he might have been in an entirely different position. But we know of no statute that permits a few electors in the county to insert on a primary ballot the name of a particular individual for a particular office when the election board has refused to recognize that candidates for such office are to be nominated at such primary, and then assert that he has a legal right to go on the ballot in the general election for this office. The rule well established is that a person who seeks t'· remedy of mandamus must show that he has a clear right thereto. This not appearing, the relief prayed is denied.

NICHOLSON, C. J., and HARRISON, MASON, PHELPS, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 36 Cyc. pp. 992, 1016, 1396. (2) 38 C. J. p. 544. §7; p. 582, §56; 18 R. C. L. p. 128; 4 R. C. L. Supp. p. 1179.