## WADE v. BOARD OF COM'RS OF HARMON COUNTY et al.

No. 23295. Opinion Filed Nov. 1, 1932.

Rehearing Denied Jan. 7, 1933.

246

G. G. McBride, C. W. Schwoerke, and J. F. Birge, for plaintiff in error.

C. H. Madden, H. C. Hicks, and Ross Cox, for defendants in error.

HEFNER, J. In the year 1929 the Legislature passed a special and local law fixing the salaries of the county officers of Harmon county. The act increased the salaries of those officers over the salaries allowed and provided by general law and repealed the general law in so far as it related to the salaries of the officers of that county. The act was passed with an emergency clause and went into effect January 22, 1929. The county officers then in office were paid the increased salary so provided and their successors in office were paid the salaries therein provided. On September 18, 1931, M. N. Wade, a citizen and resident taxpayer of Harmon county, brought an action in the district court of that county against regularly elected and acting commissioners of Harmon county and their predecessors in office, under sections 8590 and 8591, C. O. S. 1921 [O. S. 1931, secs. 5964, 5965] to recover double the amount of the difference between the salaries paid under the special act and those allowed by the general act, and to enjoin the further payment of salaries under such special act.

Plaintiff's petition contains three separate causes of action, the first of which is for the recovery of excess salaries paid to the officers in office at the time the act became effective; the second, to recover the excess salaries paid their successors in office; and third, to enjoin the further payment of salaries under the special act.

The trial court sustained defendants' demurrer to the first and second causes of action and overruled their demurrer to the third cause of action and entered judgment enjoining defendants from the further payment of salaries under the special act. The trial court, in entering its judgment, held that the special act was unconstitutional in that it violated section 59, and subdivision (b) of section 46, article 5, of the state Constitution.

Plaintiff contends that the court erred in sustaining the demurrer to the first and second causes of action, while defendants contend that the court erred in overruling their demurrer to the third cause of action and entering judgment against them thereon.

We shall first consider the contention of defendants that the court erred in overruling the demurrer to the third cause of action. In our opinion, the demurrer was properly overruled. We think the act relied upon by defendants is unconstitutional in that it violates subdivision (b) of section 46, art. 5, of the Constitution. It provides:

"The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law authorizing: * * *

"(b) Regulating the affairs of counties, cities, towns, wards, or school districts. * * *"

It also violates section 59 of article 5, which provides:

"Laws of a general nature shall have a uniform operation throughout the state, and where a general law can be made applicable, no special law shall be enacted."

The act in question applies to Harmon county alone, and is therefore in violation of the constitutional provisions to which reference is made above.

The identical question here involved was before the court in the case of Robison v. Board of Com'rs of Marshall County, 151 Okla. 100, 1 P. (2d) 660. It is there held:

"A special and local act which repeals the general law of the state providing for compensation for county officers, in so far only as the same applies to one county, and by its terms provides different compensation for such officers in said county than that provided for such officers in the other counties of the state, and the salaries provided for therein not being based upon any classification of counties as to population or any other distinctive characteristic, is purely arbitrary and capricious, and is in violation of section 59 of article 5, of the Constitution."

To the same effect are White v. Infield, 122 Okla. 4, 250 P. 81; Roberts v. Ledgerwood, 134 Okla. 152, 272 P. 448. These authorities are decisive against the contention of defendants, and sustain the holding of the trial court that the act involved is unconstitutional.

Defendants, however, contend that the Legislature, in passing the law complained of, complied with section 32, art. 5, of the

Constitution, and that the act is therefore valid. We do not agree with this contention. This section does not authorize the Legislature to pass special or local laws in violation of sections 59 and 46 of article 5 of the Constitution; it simply provides the procedure to be followed by the Legislature in passing such special acts as are not prohibited by other sections of the Constitution.

In the case of White v. Infield, supra, the court had occasion to pass upon a special act of the Legislature of 1925, which increased the term of office of a county officer of Ellis county. In that case it was stipulated that the Legislature, in passing the act, complied with section 32, art. 5, of the state Constitution. The court held that, notwithstanding the fact that this section was complied with, the act was in violation of sections 59 and 46 of article 5 of the Constitution, and therefore unconstitutional.

In the case of Chickasha Cotton Oil Co. v. Lamb & Tyner, 28 Okla. 275, 114 P. 333, the court held that the Legislature is without authority to pass a local law in violation of subdivision (b), supra, notwithstanding the fact that in so doing it followed the procedure provided by section 32 of article 5.

Under these authorities, the act in question is unconstitutional and void, notwithstanding the Legislature, in its enactment, followed the procedure provided by the Constitution for the enactment of local or special laws.

Defendants further urge that the act must be sustained for the reason that the Legislature is the sole judge of whether a general law can be made applicable, and, in support of this contention, cite the case of Chickasha Cotton Oil Co. v. Lamb & Tyner, supra. It is there said:

"Under section 59, art. 5, of the Constitution, which directs that no local or special law shall be enacted where a general law can be made applicable, the Legislature must determine whether a general law can be made applicable to the subject-matter in regard to which a special or local law is enacted; and a local or special law enacted in such case will be held valid by the courts."

The same contention was made in the White-Infield Case, supra, and the court, in speaking of the question and referring to the case of Chickasha Cotton Oil Co. v. Lamb & Tyner, supra, said:

"We cannot concede that the reasoning on which this conclusion is based has any application to the instant case, for here we find that at the time of the passage of this so-called local statute, confined in its effect solely to Ellis county, there was a general statute effective in all the counties of the state, including Ellis county, prescribing when county assessors should be elected and their term of office; so, if we should undertake to resort to the adjudication of the Legislature as to the necessity of a special act and hold that adjudication is controlling, we find that the Legislature had long since adjudged that the general act could be made applicable to the subject-matter before the legislative body."

This case fully answers the contention of defendants in this respect.

Defendants further contend that the court was without jurisdiction to grant the injunction restraining the payment of salaries for the reason that the county officers were not made parties defendant. The record shows that upon the filing of the petition a temporary restraining order was granted, and that the county officers voluntarily appeared and filed a motion to dissolve the injunction. This motion was by the trial court denied, and the officers made no further appearance in the case. They filed no appeal from the order overruling their motion to dissolve and they are therefore bound by the judgment.

Plaintiff contends that the court erred in sustaining defendants' demurrer to the first and second causes of action, and in this connection asserts that, when the defendants allowed the salaries of the county officers under the special act, they did so at their peril; that such special act is unconstitutional, and that the excess in salaries allowed thereunder was illegal, and that he was therefore entitled to recover double the amount thereof under sections 8590 and 8591, supra. We do not agree with this contention. The general rule is that laws are presumed to be constitutional, and ministerial officers may safely rely thereon and follow them until they are held unconstitutional, or until such officers are advised by the proper officers that they are unconstitutional. State ex rel. v. Cease, 28 Okla. 271, 114 P. 251; Threadgill v. Cross, 26 Okla. 403, 109 P. 558; Wilds v. Williams (Mo.) 34 L. R. A. (N. S.) 1060, 133 S. W. 1.

There is no allegation that the defendants were advised by the proper officers that the act in question was unconstitutional and that they paid the salaries thereunder after having been so advised. The law will not penalize them for following the act prior to the time it was held unconstitutional or until they were so advised by the proper officials.

The judgment is affirmed.

CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. KORNEGAY, J., dissents to the law announced in the last paragraph of the syllabus. LESTER, C. J., CLARK, V. C. J., and RILEY, J., absent.

Note: See under (1) 25 R. C. L. 834.