## LEACH v. BOARD OF COM'RS OF MAYES COUNTY.

No. 25381.   June 25, 1935.

Rehearing Denied July 23, 1935.

R. A. Wilkerson, for plaintiff in error.

D. E. Martin, for defendant in error.

CORN, J. The plaintiff in error, J. R. Leach, commenced this action against the board of county commissioners of Mayes county, defendant in error, on the 17th day of February, 1933. The parties will be referred to hereafter as they appeared in the lower court. The pertinent allegations of his petition are:

That plaintiff was a member of the board of county commissioners of said county during the fiscal year ending June 30, 1932. That during said fiscal year as a member of said board the plaintiff spent more than 120 days in overseeing, viewing, and inspecting road and bridge construction and work in Mayes county, and traveled more than 3,000 miles in the performance of such duties; that the said work was done and said miles traveled actually, necessarily, advantageously, and to the benefit of the defendant; that said work was done and miles traveled pursuant to chapter 319 of the Session Laws of 1929; that the plaintiff was entitled to recover under said law the sum of $5 per day for the time spent, as aforesaid, and the sum of 10c per mile traveled

up to 120 days and up to 3,000 miles; that by reason whereof the plaintiff had earned and the defendant was indebted to him in the sum of $900, and plaintiff prayed judgment for said amount.

The defendant filed a general demurrer to the petition of the plaintiff. After a hearing before the court on said demurrer the same was sustained and judgment rendered by the court dismissing plaintiff's cause of action. This case is appealed to this court by transcript.

The assignments of error by the plaintiff are as follows:

(1) That the said act of the Legislature, chapter 319, Session Laws 1929, section 8120, 8121, 8122, O. S. 1931, is a constitutional law.

(2) That even though the said law should be found to be unconstitutional, this fact would not bar the plaintiff's right of recovery.

(3) The fact that the excise board provided for the payment of such per diem and expenses out of the wrong fund would not defeat the plaintiff's right to recover judgment for services rendered and expenses incurred.

(4) The plaintiff was not bound, under the law, to resort to the remedy of taking an appeal from the action of the board of county commissioners in overruling his claim for per diem and expenses.

Section 8120, O. S. 1931, provides:

"County Commissioners—Road and Bridge Work.

"That in Mayes county, Okla., it shall be the duty of members of the board of county commissioners to oversee, supervise, and inspect all county road and bridge construction and work, over which said board has control by law."

Section 8121, O. S. 1931, provides:

"Commissioners—Per Diem—Mileage.

"That in addition to the annual salary fixed by law for attending regular meetings of the board of county commissioners, each member of said board of county commissioners of said Mayes county, Okla., shall receive as compensation for said additional duties herein imposed, as provided for in section 1 hereof, the sum of five dollars ($5) per day, for each day actually and necessarily employed in performing said duties, not to exceed, however, one hundred twenty (120) days in any one fiscal year. Each member of said board of county commissioners shall

also be entitled, in addition to the foregoing compensation, to ten cents (10c) per mile, for each mile actually and necessarily traveled by him in overseeing, viewing and inspecting road and bridge construction and work in said Mayes county, Okla., not to exceed three hundred dollars ($300) in any one fiscal year."

Section 8122 deals with the filing of itemized statement. An emergency clause was attached.

This act, passed by the Legislature in 1929, is a special act and does not apply to any county except Mayes county. It is admitted by the plaintiff and defendant in their briefs that all the proceedings necessary for the enactment of a special law were followed and all requirements were complied with. The plaintiff is seeking to recover under this act, contending the same is constitutional. The defendant contends said act is unconstitutional, as it is in violation of section 59, art. 5, of the state Constitution, which provides:

"Laws of a general nature shall have a uniform operation throughout the state, and where a general law can be made applicable, no special law shall be enacted."

That it is in violation of subdivision (b), section 46, art. 5, of the state Constitution, which provides:

"The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law authorizing: * * *

"(b) Regulating the affairs of counties, cities, towns, wards, or school districts."

The act in question applies to Mayes county alone and it attempts to make a special law for the per diem and mileage of the county commissioners of Mayes county without regard to any classification as to valuation or population. A similar question herein involved is found in the case of Robinson v. Board of Marshall County, 151 Okla. 100, 1 P. (2d) 660, and in that case this court held:

"A special and local act which repeals the general law of the state providing for compensation for county officers, in so far only as the same applies to one county, and by its terms provides different compensation for such officers in said county than that provided for such officers in the other counties of the state, and the salaries provided for therein not being based upon any classification of counties as to population or any other distinctive characteristic, is purely arbitrary and capricious, and is in violation of section 59, art. 5, of the Constitution."

In Wade v. Board of County Commissioners of Harmon County et al., 161 Okla. 245, 17 P. (2d) 690, the Legislature having passed a special law, chapter 109, Session Laws 1929, and section 8030, O. S. 1931, fixing the salaries of officers of Harmon county without regard to valuation or population, this court held that the act in question—

"* * * fixing the salaries of officers of Harmon county, and repealing all acts in conflict therewith, is a special and local law and therefore unconstitutional. It violates section 59, and subdivision (b) of section 46, art. 5, of the state Constitution."

We, therefore, hold that chapter 319, Session Laws of 1929 (O. S. 1931, secs. 8120, 8121, and 8122), increasing the salaries of the county commissioners of Mayes county, is a special and local law, and is therefore unconstitutional. It violates section 59 and subdivision (b) of section 46, art. 5, of the Constitution.

The authorities cited herein are decisive against the contention of the plaintiff herein and sustain the holding of the trial court that the act involved is unconstitutional and that the general demurrer was properly sustained.

There being no merit in the plaintiff's other assignments of error, the judgment of the trial court is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS and WELCH, JJ., concur.