**MISSOURI–KANSAS–TEXAS RAILROAD COMPANY, a foreign corporation, and Ernest A. Durbin, Petitioners,**

v.

**Honorable G. B. "Chuck" CORYELL, Judge of the Superior Court of Creek County, Oklahoma, and Darla Edwards, Respondents.**

No. 38701.

Supreme Court of Oklahoma.

Sept. 29, 1959.

Rehearing Denied Dec. 1, 1959.

Doerner, Rinehart & Stuart, E. J. Doerner, Harry D. Moreland, Tulsa, William A. Thie, Denison, Tex., for petitioners.

George H. Jennings, Sapulpa, David Loeffler, Bristow, S. T. Allen III, Sapulpa, Charles E. Daniel, Doyle Watson, Drumright, Walter Jones, McAlester, Ed Chapman, Robert Blackstock, Herbert Arthurs, Harry McMillan, Bristow, Thomas H. Wallace, Thomas A. Wallace, Heber Finch, Heber Finch, Jr., Everett Collins, Sapulpa, Jack B. Sellers, Drumright, Edgar Maggi, Bristow, Joe Moore, Maurice Lampton, Don Walker, Sapulpa, William F. Kyle, C. Lawrence Elder, Tulsa, Streeter Speakman, Jr., Sapulpa, for respondent G. B. "Chuck" Coryell.

Wesley Whittlesey, Sapulpa, Truman B. Rucker, Bryan W. Tabor, Robert L. Shepherd, Joseph A. Sharp, O. H. "Pat" O'Neal, Tulsa, for respondent Darla Edwards.

JOHNSON, Justice.

This is an original proceeding in this Court to determine the constitutionality of Senate Bill No. 1, Chapter 138, Session Laws of 1917, page 217, now 20 O.S.1951 § 201 et seq. The Act (by Sec. 1) created and established a Superior Court in Creek County, and (by Sec. 2) provided that such court would have concurrent jurisdiction in all matters, both civil and criminal, with the District Court and County Court of Creek County except as to matters of probate. Appeals from the county court and justice of the peace courts to the superior court may, under the act, be in the same manner and under the same conditions as (is) provided by law for appeals to district courts. Such judge was to have and exercise all the powers of a district judge and a county judge, within the scope of the jurisdiction therein conferred. Under Sec. 7, the procedure of said court was to be the same as provided for the district court.

The petitioner contends that the act creating the Superior Court for Creek County was a local or special law applicable to Creek County alone and (by Sec. 15) exempted said court from the application of the general laws relative to Superior Courts in this state, and as such, under Article V, Sec. 32 of the Oklahoma Constitution, the statute must fail for the reason that the publication of notice of intention to introduce such legislation was not completed at the time the bill was considered by the leg-

islature. On the other hand, the respondents contend that the statute in question is a general law, and in the alternative they argue that if the statute be considered a local or special act, the notice given conforms to the requirements of the Constitution; but, that in any event, the statute involved was included in the 1941 and 1951 Codes and was re-enacted by the legislature when it adopted the Codes and, moreover, that public policy requires that the validity of the act in question be sustained.

It is for the above reasons that we are called upon by the petitioners to assume original jurisdiction and to issue a writ of prohibition to prevent the incumbent judge from exercising assumed judicial power allegedly not conferred by law and in violation of petitioners' constitutional rights.

The pertinent constitutional provisions are Sections 32, 46 and 59 of Article 5 of the Oklahoma Constitution relating to general and special laws respectively. They provide:

"§ 32. No special or local law shall be considered by the Legislature until notice of the intended introduction of such bill or bills shall first have been published for four consecutive weeks in some weekly newspaper published or of general circulation in the city or county affected by such law, stating in substance the contents thereof, and verified proof of such publication filed with the Secretary of State. * * *

"§ 46. The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law authorizing:

" *    *    *    *    *    *

"Regulating the affairs of counties, cities, towns, wards, or school districts;

" *    *    *    *    *    *

"Creating offices, or prescribing the powers and duties of officers, in counties, cities, towns, election or school districts;

" *    *    *    *    *    *

"§ 59. Laws of a general nature shall have a uniform operation throughout the State, and where a general law can be made applicable, no special law shall be enacted."

In this connection, however, introduction of a prohibited special or local law which has been published and proof made thereof, as provided by Sec. 32, does not validate such law. We held in the second paragraph of the syllabus of Leach v. Board of Com'rs of Mayes County, 173 Okl. 270, 47 P.2d 596, that "Section 32, art. 5, of the State Constitution does not authorize the Legislature to enact local and special laws. It simply provides a procedure to be followed by the Legislature in passing such laws where their enactment is not prohibited by the Constitution."

In State v. Ward, 189 Okl. 532, 118 P.2d 216, 220, it was said:

" *    *    * the purpose of this provision of Section 32, Art. 5, was to prevent introduction and passage of Acts by the Legislature which would prejudice a certain locality *    *    *, without notice of the intention to present such proposed measure and thereby afford opportunity to object."

However, in the case of Dunlap v. Board of Com'rs of Carter County, 85 Okl. 295, 205 P. 1100, it was held that a court in the absence of a showing to the contrary, will presume that publication of a local or special bill, as required by Sec. 32 of Article 5, was given.

Thus, under the above and following authorities and facts in the instant case, this section (32) becomes relatively unimportant in determining the constitutionality of the act creating the Superior Court of Creek County. If the act is constitutional, though local or special in appearance, it must be general in application. In this connection it is noted that in Key v. Donnell, 107 Okl. 157, 231 P. 546, and Chicago, R. I. & P. Ry. Co. v. Carroll, Brough, Robinson & Humphrey, 114 Okl. 193, 245 P. 649, this court criticized but did not overrule a former decision upholding the establishment

or creation, under the authority of Section 1, Article 7 of our State Constitution of a court "inferior to the Supreme Court" [107 Okl. 157, 231 P. 548] in a named county, or in counties having an arbitrarily specified population. We quote from the Key case as follows:

"In 1919 this court, in the case of Diehl v. Crump, 72 Okl. 108, 179 P. 4, 5 A.L.R. 1272, which was by a divided court, held the act creating a superior court in counties having a population of not less than 19,990 and not more than 20,000 was valid, although the act applied to one county. While the cases relating to establishing courts might be distinguishable, as the Constitution authorizes the Legislature to establish additional courts that are inferior to the Supreme Court, it is now apparent the above decision is being used as a smoke screen for the purpose of evading the provisions of the Constitution."

In the Chicago, R. I. & P. Ry. Co. case [114 Okl. 193, 245 P.2d 651], it is stated:

"The question as to whether or not an act establishing a court for a single county is a local or a special law has been passed on by a majority of the courts of this country, and the opinions seem to be about equally divided. *Those cases which hold that such legislation is special and local appear to be founded upon better reasoning, but we are committed to the opposite rule which has heretofore been adopted by this court.*" (Emphasis supplied.)

In the Diehl v. Crump case [72 Okl. 108, 179 P. 5] cited in the Key case, supra, it was said:

"In Leatherock v. Lawter, 45 Okl. [715] 720, 147 P. 324, *the question of whether an act establishing a superior court for a single county was a local or special law was presented squarely to this court for determination. After a careful consideration of the question the court answered the question in the negative,* and also held that the act

which repealed the act establishing a superior court in Custer county was general in its nature and uniform in its operation, in that it affected all the citizens of the state alike so far as the exercise of its jurisdiction and power is concerned. *Whilst the writer of this opinion dissented in Leatherock case, and still believes that legislation of this kind is purely local and special, there can be no doubt that the Leatherock case is squarely in point here, and upholds the constitutionality of the section of the act creating the court.*" (Emphasis supplied.)

■ In disposing of this case we confine our decision to Sections 1 and 2 of the questioned Act; that is, the sections creating and conferring jurisdiction upon the Superior Court of Creek County. These sections must be held to be general legislation and constitutional.

■ Granting, however, that Section 15 exempting said court from the general laws relative to superior courts of this state is special or local legislation and unconstitutional because of insufficient notice of intention to introduce such legislation as argued by the petitioners and as provided by Section 32, Art. 5 of the Constitution, it does not follow that the same must be said of Sections 1 and 2 of said Act creating and conferring jurisdiction upon said court. That portion of the Act creating and establishing a Superior Court in Creek County and conferring jurisdiction on said court was general in its nature and uniform in its operation in that it affected all the citizens of the state alike so far as the exercise of its jurisdiction and power was concerned and constituted general legislation. The legislature, under these circumstances and under the authority of Section 1, Article 7 of the Oklahoma Constitution, could and did create a superior court "inferior to the Supreme Court" in a named county. Leatherock v. Lawter, supra; Chicago, R. I. & P. Ry. Co. v. Carroll, etc., supra, and cited cases.

In view of our holding in the foregoing authorities and what we have said concern-

 

ing them, we deem it unnecessary to consider other questions raised.

For the reasons herein stated, the writ of prohibition is denied.

DAVISON, C. J., WILLIAMS, V. C. J., and HALLEY, BLACKBIRD, JACKSON, IRWIN and BERRY, JJ., concur.