OKLAHOMA CITY–ADA–ATOKA RAILWAY COMPANY, a corporation, Plaintiff in Error,

v.

DEL CITY, Oklahoma, a municipal corporation and W. E. Steelman, Defendants in Error.

No. 40068.

Supreme Court of Oklahoma.

July 23, 1963.

Rehearing Denied March 24, 1964.

Application for Leave to File Second Petition for Rehearing Denied May 19, 1964.

James D. Gibson, W. M. Roberts, Muskogee, for plaintiff in error.

Russell B. McCabe, Brown, Darrough & Darrough, Paul G. Darrough, Oklahoma City, for defendants in error.

HALLEY, Vice Chief Justice.

This action was commenced on July 13, 1961, by plaintiff in error hereafter referred to as plaintiff, against defendants in error, hereafter referred to as defendants or by name, to enjoin the collection of certain paving assessments in the City of Del City.

The facts giving rise to plaintiff's cause of action are as follows. Under the provisions of 11 O.S.1961 § 87, on or prior to August 1, 1960, defendant Steelman, the owner of 53 per cent of the property in the proposed paving district, petitioned the governing body of the defendant City for the paving and improving a section of Northeast Fourth Street exceeding 1000 feet in length. On August 1, 1960, defendant City passed its resolution declaring that the work of improvements, including the paving of the section of Northeast Fourth Street, was

necessary. On September 19, 1960, defendant City passed its resolution ordering and expressing its determination to proceed with the doing of the improvements called for in defendant Steelman's petition and directing the City Engineer to prepare and file plans and estimates of the costs of said improvements. Said plans and estimates were duly adopted and approved by defendant City on the same date.

Thereafter defendant City advertised for bids and after the contract had been let for the work to the lowest bidder, the City Engineer was directed to prepare and file final complete and accurate statement of the costs of the paving and all proper costs incurred in connection therewith. The statement of costs was, by resolution, adopted by defendant City, and appraisers were appointed to assess the costs of the paving to the owners of the property included within the paving district. The appraisers within due time filed their report apportioning the benefits to the several lots and tracts of land within the paving district. Plaintiff's part of the apportionment amounted to $5,837.83.

Defendant City published notice and held a meeting of the governing body on May 15, 1961, for the purpose of reviewing the report of the appraisers and to hear and adjust complaints and to review, revise and correct the appraisements. Plaintiff filed with the defendant City its written protest against said proposed assessment and appeared at the meeting to present its protest. The defendant City continued the meeting to a date in June and to a final meeting on July 3, 1961, at which time it passed its ordinance to assess the cost of paving and improving the section of Northeast Fourth Street. The ordinance levied and assessed the sum of $7,094.57 against plaintiff. The ordinance, which was published on July 14, 1961, was admitted into evidence at the trial of the instant case without objection. The evidence does not show when the paving was completed, but the parties indicate in their briefs that it was completed prior to the passage of the assessing ordinance.

Plaintiff offered the testimony of an expert witness that plaintiff's property received no benefit whatsoever as a result of the paving in issue. Defendants objected to the offer of such evidence and the trial court sustained the objection. At the conclusion of all the evidence, judgment was rendered for defendants. Plaintiff's motion for new trial was overruled and plaintiff appeals.

After the appeal was perfected in this Court, plaintiff paid under protest to defendant City the sum of $1,136.96, representing the interest on the assessment together with one year's installment thereon as assessed against plaintiff by the assessing ordinance. Defendants have filed a motion to dismiss the appeal on the ground that a party cannot recognize the validity of a judgment and at the same time appeal therefrom. The cases cited by defendants in support of this theory are not based on facts such as are now before us.

Our statutory provisions, 11 O.S. 1961 §§ 105–107, provide for payment of the assessment by installments. If the installments are not paid when due, the property assessed is subject to certain penalties and is subject to forced sale. A protest payment made by plaintiff under such circumstances is not voluntary; it is compulsory. By such payment plaintiff does not recognize the validity of the judgment or evidence an intention to abide by it. The general rule is stated in the first paragraph of the syllabus of Lucas v. First Nat. Bank of Pawnee, 171 Okl. 606, 43 P.2d 752:

> "An involuntary payment or satisfaction of a judgment or decree cannot be construed as a release of errors assigned on appeal."

See 2 Am.Jur., Appeal and Error § 222; 4 C.J.S. Appeal and Error § 214. The motion to dismiss the appeal is denied.

Although plaintiff asserts several propositions of error, we need review but one to dispose of this appeal. Plaintiff con-

tends that the trial court committed error in sustaining defendants' objection to plaintiff's offer of proof that plaintiff's property would not be benefited by the paving. We agree that this was error.

There are two methods under our statutes by which proceedings for street improvements in municipal corporations in this State may be commenced. The procedure used in the instant case is that authorized by 11 O.S.1961 § 87. Defendant Steelman, record owner of more than one-half of the area of the land liable to assessment for the improvement, petitioned the governing body of defendant Del City for the improvement.

The second method of commencing such proceedings is authorized by 11 O.S.1961 § 85. The governing body under such second method may commence the proceedings without consulting any landowner ultimately liable for the payment of the cost of such improvement. The governing body under this procedure must adopt and approve a resolution declaring such work of improvement necessary to be done. Such resolution must be published in a newspaper as provided in section 85, supra. 11 O.S.1961 § 86, provides that, unless an interested property owner wishing to contest this method of proceeding files an action in the district court not later than fifteen days after the publication of the resolution, he will be deemed to have waived all objections thereto.

We have recognized these two distinct methods of commencing such proceedings in Riedt v. City of McAlester, Okl., 262 P.2d 152. There, the trial court found that it did not have jurisdiction because the contesting landowners had not filed their petition in district court within fifteen days of publication as provided in section 86, supra. We affirmed the trial court and pointed out that the result would have been the same, in that case, if the improvement proceedings had been commenced under section 87, supra. This is true because the contesting landowners were attempting to question the sufficiency of the petition filed with the

governing body and, under section 87, supra, such an action to question sufficiency of petition is barred unless brought within fifteen days. Plaintiff in the instant case does not question the sufficiency of defendant Steelman's petition filed with the defendant City. Therefore the fifteen day limitation period provided in section 87, supra, is not applicable herein.

11 O.S.1961 § 87, further provides that "notice providing for determining the necessity of such improvements shall not be published as provided in (11 O.S.1961 § 85)." Such language is mandatory. Therefore the City of Del City was prohibited from publishing a resolution of necessity. That there was in fact an unauthorized publication of the resolution does not and can not, therefore, set in motion the fifteen day statute of limitations provided for in section 86, supra. Cf. Wheeler v. City of Muskogee, 51 Okl. 48, 151 P. 635, which arose under similar statutory provisions found in Section 2, Art. 1, c. 10, Sess.Laws 1907–08.

Defendants rely on City of Muskogee v. Borum, Okl., 375 P.2d 869, and cases cited therein as authority that the resolution of necessity is a finding of some benefit accruing to property within the improvement district, and unless an action is filed within fifteen days of the publication of the resolution such finding is conclusive. The proceedings were begun by the City of Muskogee under the provisions of sections 85 and 86, supra. Thus the case is not helpful in this appeal.

Section 87, supra, makes no provision for a limitations period in a case like the instant one, where the contesting landowner alleges and attempts to prove that its property will not be benefited by the improvement. Plaintiff in the instant case filed its petition in the district court less than fifteen days after the passage of the assessing ordinance. Plaintiff did not know its property would be liable for assessment under the procedure established by section 87, supra, until the assessing ordinance was passed. We there-

fore hold that the instant action was timely filed. 11 O.S.1961 § 108.

■ Our holdings in paragraphs 3 and 4 of the syllabus in the case of City of Lawton v. Akers, Okl., 333 P.2d 520, are applicable in this case:

"3. It is not within the power of the Legislature to authorize, or a city to impose, a special assessment upon properties that will not be benefited by the improvement.

"4. Where the evidence conclusively shows that properties included in a street improvement district will not be benefited by such improvement the courts have jurisdiction to grant appropriate relief in actions timely filed."

The provisions of 11 O.S.1961 § 101, do not prohibit the district court from reviewing an assessment where it is alleged that the property assessed is not benefited. Although section 101 provides, in part:

"The determination by the governing body of the property to be assessed and of the amount of benefits shall be conclusive upon the owners of the property assessed and shall not be subject to review by any court.",

the courts do have jurisdiction to grant appropriate relief in proper cases. We said in City of Lawton v. Akers, supra:

"Since the evidence in this case clearly shows that the contemplated improvement would be of no benefit to plaintiffs' properties it follows that the imposition of a special assessment against their properties would be oppressive and arbitrary. It is not within the power of the Legislature to authorize, or the City to impose, a special assessment upon properties not benefited. And where, as in this case, the evidence conclusively shows that plaintiffs' properties will not be benefited the courts have jurisdiction to grant appropriate relief notwithstanding the provisions of 11 O.S.1951 § 101, supra. Any former decisions or ex-

pressions of this court to the contrary are expressly overruled."

In the instant case we do not know whether the evidence will conclusively show that plaintiff's property will not be benefited by the improvement. The trial court erred, however, in refusing plaintiff's offers of proof on the issue of benefit or lack of benefit to plaintiff's property. Upon a new trial each of the parties should be allowed to introduce evidence on this issue.

Reversed and remanded for a new trial.

BLACKBIRD, C. J., and DAVISON, JOHNSON, WILLIAMS and BERRY, JJ., concur.

IRWIN, J., concurs in result.

WELCH and JACKSON, JJ., dissent.